SHANNON, Judge.
This is an appeal by the defendant below from an order granting a new trial. While the appellant poses three points in his brief, it is not necessary that we pass upon all of them. The court granted a new trial on the premise that one of the jurors, Richard J. Ramus, had unintentionally failed to disclose the fact that a claim had been previously made against him by one of the attorneys for the plaintiff. It appears from the record that Ramus was interrogated on voir dire examination, and the following questions and answers were given:
“Q. Are you acquainted with Mr. Waldo Carmichael sitting over there? A. No, sir.
“Q. Has he ever had a claim on your behalf or against you? A. Not to the best of my knowledge, no.”
It further appears that Mr. Carmichael, one of the attorneys for the plaintiff, had written the prospective juror on August 27, 1957 with reference to a claim against him. Ramus had been advised by this letter that the attorney represented Miss DeLorese Roberts in a claim growing out of Ramus’ sale to her of a rug which, she maintained, had stains on it, and Ramus was asked to satisfactorily compensate her for it. Immediately upon receiving that letter Ramus had turned it over to his attorney, and the attorney had written his check for $40 to settle the claim. The instant case came on for trial on April 29, 1958, and Ramus was a juror. The order granting the new trial states in part:
“ * * * The Court examined said Richard J. Ramus under oath on May 9, 1958, some ten (10) days after the *13 trial and at that time said Richard J. Ramus stated he did not recall at the time of trial the controversy concerning the claim of Miss DeLorese Roberts or that Mr. Carmichael was involved in the matter.
“The Court is of the opinion that Mr. Ramus made no intentional misrepresentation on his voir dire examination, but the Court must resolve any doubt in favor of the losing party under all the facts and circumstances of this case. The misrepresentation of facts whether intentional or unintentional may constitute such conduct as impairs the right to challenge. (Loftin v. Wilson [Fla.], 67 So.2d 185.) * * *."
In the record it appears that attorney Carmichael, during the voir dire examination, became aware that the name Ramus had a familiar sound, and he asked another attorney, Mr. Sinclair, to question Ramus, whom he had never met, to he certain that the prospective juror was not the Ramus with whom he had communicated some time before. Mr. Sinclair asked Ramus questions, including those set out above, but did not specifically ask him whether he had received a communication from Mr. Carmichael. In his answers Ramus denied having any knowledge of a claim against him by Mr. Carmichael. It was the following day that Mr. Carmichael became aware of the fact that he had written the letter to the juror and had settled the claim with the juror’s attorney.
In Loftin v. Wilson, supra, Fla.1953, 67 So.2d 185, 191, an appeal by two of three defendants in a tort action, our Supreme Court said:
“The railroad company assigns as error the action of the trial court in denying its motion for a mistrial made in the midst of the trial because of the misconduct of a juror. After the trial was underway, counsel for the construction company, in the absence of the jury, made the announcement that the Millses had discovered that one of the jurors had had some’ transactions with the construction company ‘and that in that business transaction there was some unpleasantness between the parties, and differences between them, that would possibly tend to prejudice (the juror) against those parties; that a dispute arose as to some money that was required to be paid to (the juror) from Mills, and finally a settlement was made, * * * that (the juror) concealed that matter, possibly not intentionally, but nevertheless the inference is that he did know that he was concealing it.’
“The construction company moved that the juror be excused and that the trial continue before the five remaining jurors. Later, however, the construction company waived the objection. The railroad company stood upon a motion on its own behalf to declare a mistrial. The motion was denied.
“Apparently, at the time no one questioned the facts as thus disclosed, as the Court made this observation: ‘Assuming the representation can be and would be supported by sworn evidence, I don’t think it is sufficient’.
“After verdict the ruling was relied upon by the railroad company as ground for a new trial. The motion for new trial likewise was denied.
*1* 'i* »!■ ^
“The construction company was in no position to take advantage of the juror’s misconduct, since its owners should have known, as well as the juror, at the time of the voir dire examination, of the previous ' dispute between them. The owners could not sit by in silence and then complain of their own oversight after having accepted the jury.
“However, the railroad company is in a different position. It had no way *14 of knowing about the dispute except from the answers the juror gave on his voir dire examination.
“It may be argued with merit that animosity on the part of the juror toward the construction company would have no bearing on the juror’s decision regarding wrongdoing on the part of the railroad company. However, the construction company and the railroad company were charged with having concurrently committed a tort,- for which the amount of damages fixed by the jury was to be assessed against each. Therefore, it cannot be said that the misconduct of the juror had no bearing on his decision so far as the railroad company was concerned.
“In many instances rulings upon such occurrences during the trial of a law suit come within the sound discretion of the trial judge. But, where facts exist as assumed by the judge here, followed by a verdict so excessive in amount as to indicate that the jury has been influenced by improper considerations, it is the duty of the trial judge to grant a new trial.”
Notwithstanding the fact that the Supreme Court in its ruling quoted with approval the case of Pearcy v. Michigan Mutual Life Ins. Co., 1887, 111 Ind. 59, 12 N.E. 98, 99, wherein it was stated:
“ * * * The examination of a juror on his voir dire has a two fold purpose, namely, to ascertain whether a cause for challenge exists, and to ascertain whether it is wise and expedient to exercise the right of peremptory challenge given to parties by the law. * * * Jf
“It is the duty of a juror to make full and truthful answers to such questions as are asked him, neither falsely stating any fact, nor concealing any material matter, since full knowledge of all material and relevant matters is essential to the fair and just exercise of the right to challenge either peremptorily or for cause. A juror who falsely misrepresents his interest or situation, or conceals a material fact relevant to the controversy, is guilty of misconduct, and such misconduct, is prejudicial to the party, for it impairs his right to challenge.”
the fact remains that in the present case the trial judge was of the opinion that the juror had made no intentional misrepresentation, and counsel for plaintiff had his attention called to this juror by the similarity of names. Hence, counsel will not be allowed to proceed with the trial, and after his client has received an unfavorable verdict, to urge that a juror had unintentionally answered questions on the voir dire falsely.
In Loftin v. Wilson, supra, one defendant made a motion for mistrial during the trial when it first obtained the information that one of the jurors had had some unpleasant business transactions with the other defendant, and so had protected itself on this question. The other defendant, although knowing the facts, proceeded throughout the trial and apparently waived the objection.
In 39 Am.Jur., p. 86, New Trial, § 71, it is stated:
“ * * * It is a well-settled general rule that where alleged misconduct of the jury was known to the party claiming to have been prejudiced thereby, or to his counsel, during the trial and before a verdict was rendered, and no objection was made thereto and the matter was not in any manner brought to the attention of the court, such party cannot, after an adverse verdict, assert the misconduct as a ground for a new trial. * * *.”
As a corollary to the rule that we have just quoted, the fact that counsel’s attention was called to the similarity of names was sufficient to put him.on notice that the prospective juror may or may not have *15 been the particular one to whom he had written the letter, and it was encumbent upon him to question the prospective juror further, in order to satisfy himself that he was not that particular person. Because of his failure to do this, and in view of the trial court’s opinion that the juror made no intentional misrepresentation, we hold that the trial court’s order granting a new trial cannot be sustained.
Reversed.
KANNER, C. J., and ALLEN, J., concur.