ANDREWS, Judge.
Plaintiff Rouede Construction, Inc., appeals a final judgment entered pursuant to a jury verdict in favor of the defendant First National Bank of Eau Gallie.
Plaintiff corporation brought an action against defendant for honoring forged checks drawn against the corporation account. The bank alleged that the corporation was negligent in not discovering the forgeries earlier than it did
*376 The defendant corporation’s bookkeeper forged over a period of seven months the checks honored by the bank. The bookkeeper, because of his position, was able to cover up his forgeries but they were discovered about a month after the last check was written.
The first point raised on this appeal is the failure of the court to give a requested charge to the jury to the effect that a depositor in a bank fulfills his duty to examine paid checks when such duty is entrusted to an employee believed to be honest. A careful examination of the charge given by the court considered in its entirety is a fair and impartial statement of the law to be applied to the facts to be considered by the jury. Staicer v. Hall, Fla.App.1961, 130 So.2d 113.
Secondly the plaintiff claims it was deprived of a fair trial because a juror had given false answer to a certain question on Voir Dire. The basis for this claim is that a juror who was later named foreman of the jury stated that he did not know either counsel or the partner of either counsel. After the jury had retired to consider its verdict, the counsel for plaintiff learned that said juror had closed a number of real estate loans in the office of his partner.
The Court at the hearing on Motion for New Trial considered this question and it was shown that the juror did not know at the time that he was questioned on Voir Dire that the lawyer in whose office he closed the loans was a partner of the attorney for the plaintiff and that there was no sign on the office door or other indication that the two attorneys were partners. The Court was correct in denying Motion for New Trial in that the unintentional failure to disclose such a fact did not prejudice the plaintiff. Petroleum Carrier Corporation v. Summerlin, Fla.App. 1959, 112 So.2d 12.
Other points raised on the appeal have-been considered but discussion thereof is-unnecessary.
Affirmed.
SHANNON, Acting C. J., and SMITH,. CULVER, Associate Judge, concur.