267 So.2d 379 (1972)
Ben SKILES, Appellant,
v.
RYDER TRUCK LINES, INC., a Florida Corporation, Appellee.
No. 71-428.
District Court of Appeal of Florida, Second District.
September 20, 1972.
Rehearing Denied October 31, 1972.
*380 William R. Hapner, Jr., of Rood & Hapner, and Richard E. Leon, Tampa, for appellant.
Thomas A. Clark, A. Broaddus Livingston, and William F. McGowan, Jr., of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellee.
DEAN, ROY E., Associate Judge.
The question presented on appeal is whether or not the trial court erred in granting a new trial to the Defendant, Ryder Truck Lines, Inc., on the ground that concealment alone, by a prospective juror, whether intentional or not, of material information sought by questions propounded on voir dire, deprives the parties to the action of the opportunity to exercise challenges either peremptory or for cause.
Appellant's principal contention is that in order to grant a new trial there must be a showing of prejudice on the part of the juror in question. Appellant maintains that the trial judge should have made a factual determination as to whether the presence of juror Mesa on the jury, under the circumstances, was unfair, and that appellee was, therefore, prejudiced. Appellant maintains that without such a factual determination by the trial judge the granting of the new trial was improper; that there must be a determination of actual prejudice before a new trial can be granted. Appellant quotes specifically Florida Statute § 59.041, 1970, F.S.A., which reads as follows: [(sic) citation and quotation taken from appellant's brief.]
"No judgment shall be set aside or reversed, or new trial granted by any court of this state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in miscarriage of justice. This section shall be liberally construed."
Appellee asserts that the Florida position is that three requirements must be met in order to require a new trial in this situation: (1) a material (2) concealment of some fact by the juror upon his voir dire examination, and (3) the failure to discover this concealment must not be due to the want of diligence of the complaining party, and that these requirements were met here. We agree with Appellee's assertion.
On July 23, 1969, on State Road 55 near Inglis, Citrus County, Florida, Plaintiff *381 was injured as a result of a collision between the pickup truck he was driving and a semi tractor-trailer owned by Defendant and operated by its employee, Walter High. The two trucks sideswiped each other, and Plaintiff's left arm was so severely mangled that it had to be amputated. At the trial, commencing March 1, 1971, the jury returned a verdict for Plaintiff in the amount of $200,000.00.
Following the trial it was discovered that one of the jurors, Fernando Mesa, had been a client of attorney Ed Rood, partner of one of Plaintiff's attorneys, William R. Hapner, Jr. Mr. Rood did not participate in the trial, nor was he ever present at trial. Mr. Rood had represented juror Mesa in a suit as a result of a claim for $13,000.00 filed in an estate for services rendered. Judgment for Mesa was entered in 1968.
The record reflects that Mr. Hapner asked the prospective jury panel whether any of them knew Mr. Rood, Mr. Hapner, associated counsel Mr. Leon, attorney for the Defendant, Mr. Clark, or any member of Mr. Clark's firm. There was no apparent affirmative response from any of the jury panel. Mr. Hapner then specifically asked each of the panel whether or not they had ever been involved in accident cases to which Mr. Mesa replied, "Just a car." Mr. Mesa was then asked, "You have never been a party to a lawsuit, one way or the other?", to which he replied, "No." The jury was thereafter selected, and Mr. Mesa was a member. The case was tried, verdict returned and judgment entered for Plaintiff in the amount aforesaid.
Defendant filed its motion for new trial stating several grounds all of which were considered without merit by the trial court except ground "# (11) the failure of juryman Fernando Mesa to respond truthfully to questions on voir dire." The trial court heard argument of counsel and inquired of juror Mesa, under oath, (1) "as to whether he was the same person who was the Plaintiff in the ... action against the First National Bank of Tampa as Executor, etc." and (2) "whether he was represented in that action by the said Ed Rood, Esq." Juror Mesa answered affirmatively to both questions. The motion for new trial was thereupon granted on the basis that Mesa's failure to respond truthfully on voir dire deprived defendant Ryder of the opportunity to examine Mesa concerning these matters and, therefore, deprived him of a possible basis for challenge for cause and certainly deprived him of information that could have given him the opportunity to challenge peremptorily.
We believe the trial court is correct in its ruling granting a new trial. The trial court in its order extensively considered cases from Florida and other jurisdictions, and the Court very ably set forth the rule applying and the reasonableness of the rules.
"`... The examination of a juror on his voir dire has a two fold purpose, namely, to ascertain whether a cause for challenge exists, and to ascertain whether it is wise and expedient to exercise the right of peremptory challenge given to parties by the law... .
"`It is the duty of a juror to make full and truthful answers to such questions as are asked him, neither falsely stating any fact, nor concealing any material matter, ... . A juror who falsely misrepresents his interest or situation, or conceals a material fact relevant to the controversy, ... impairs ... [a party's] right to challenge.'" (Loftin v. Wilson, Fla., 67 So.2d 185, quoting Pearcy v. Michigan, Mut. Life Ins. Co., 111 Ind. 59, 12 N.E. 98.)
"... When the right of challenge is lost or impaired, the ... conditions and terms for setting up an authorized jury are not met; the right to challenge a given number of jurors without showing cause is one of the most important rights to a litigant; ... the terms of the statutes with reference to peremptory challenges are substantial *382 rather than technical; such rules, as aiding to secure an impartial, or avoid a partial, jury, are to be fully enforced; the voir dire is of service not only to enable the court to pass upon a juror's qualifications, but also in assisting counsel in their decision as to peremptory challenge; the right of challenge includes the incidental right that the information elicited on the voir dire examination shall be true; the right to challenge implies its fair exercise, and, if a party is misled by erroneous information, the right of rejection is impaired; a verdict is illegal when a peremptory challenge is not exercised by reason of false information; the question is not whether an improperly established tribunal acted fairly, but it is whether a proper tribunal was established; ... next to securing a fair and impartial trial for parties, it is important that they should feel that they have had such a trial, and anything that tends to impair their belief in this respect must seriously diminish their confidence and that of the public generally in the ability of the state to provide impartial tribunals for dispensing justice between its subjects; the fact that the false information was unintentional, and that there was no bad faith, does not affect the question, as the harm lies in the falsity of the information, regardless of the knowledge of its falsity on the part of the informant; while willful falsehood may intensify the wrong done, it is not essential to constitute the wrong; ... when the fact appears that false information was given, and that it was relied upon, the right to a new trial follows as a matter of law." (Emphasis supplied) Drury v. Franke, 247 Ky. 758, 797, 57 S.W.2d 969, 984, 985; 88 A.L.R. 917.
The above quotes from the Loftin and Drury cases adequately state the position of this Court. The cases cited by the parties, when taken together, and considered with the words of F.S. § 59.041, F.S.A., lead inescapably to the conclusion that there is a "miscarriage of justice" when a party is precluded from the opportunity of having a juror excused for cause or of excusing such juror peremptorily by reason of a material concealment by the juror of a fact sought to be elicited on voir dire where the failure to discover the concealment is not through want of diligence by the complainant. White v. State, Fla., 176 So. 842; Loftin v. Wilson, Fla., 67 So.2d 185; Pearcy v. Michigan Mutual Life Insurance Company, 12 N.E. 98; Texas Employer's Insurance Association v. Wade, Tex.Civ.App., 197 S.W.2d 203; Seaboard Air Line Railroad Company v. Holt, Fla., 92 So.2d 169; Wright v. Bernstein, 23 N.J. 284, 129 A.2d 19; Photostat Corporation v. Ball, 10 Cir., 338 F.2d 783; Hartley v. State, Fla.App., 214 So.2d 489.
We affirm the order of the trial court granting a new trial.
LILES, Acting C.J., and McNULTY, J., concur.