388 So.2d 44 (1980)
Thelma JENKINS, As Administratrix C.T.A. of the Estate of Merton Earle Jenkins, Deceased, Appellant,
v.
ARAB TERMITE AND PEST CONTROL OF FLORIDA, INC., et al., Appellees.
Nos. 79-1989, 79-1990.
District Court of Appeal of Florida, Second District.
September 17, 1980.
Julian Clarkson and Warren M. Goodrich of Holland & Knight, Tampa, for appellant.
Clifford L. Somers of Miller, McKendree & Somers, Tampa, for appellees.
DANAHY, Judge.
In this wrongful death case, the jury returned a verdict against appellee and in favor of appellant for compensatory damages in the amount of $50,000 and punitive damages in the amount of $125,000. On appellee's post-trial motions, the trial judge entered an order granting a new trial as to all issues unless appellant agreed to a remittitur of $75,000 of the punitive damages award. The trial judge expressed the reasons for his decision as follows:
Whereas the amount of the verdict for compensatory damages was in the opinion of the Court extremely high, the Court does not feel that under existing law the *45 Court can order a remittitur of any part thereof. However, the amount of the punitive damages awarded by the jury clearly shocked the judicial conscience of the Court, as under the facts of the case the acts of the defendant lacked the degree of maliciousness and/or outrageous disregard for the decedent's rights required to sustain the amount of the punitive damages verdict. Wackenhut Corp. v. Canty, [Fla.] 359 So.2d 430, at p. 436; Hutchinson v. Lott, [Fla.App.] 110 So.2d 442. The evidence before the jury did not demonstrate that degree of malice, wantonness, oppression or outrage on the part of the defendant which would justify the degree of punishment inflicted by the punitive damages assessed. The damages assessed equal 13.3% of the defendant's net worth. This is a high percentage of net worth and not proper under the facts of this case. As in the Wackenhut case, the fault of the defendant justifying punitive damages was essentially a lack of supervision and training. In Wackenhut the punitive damages award was 2% of net worth.
Appellant asserts that the above stated grounds for ordering a remittitur, or in lieu thereof new trial on all issues, are improper under the holding of our supreme court in Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978). Appellant argues that under Wackenhut, a trial judge may consider the egregiousness of a defendant's conduct only for the purpose of determining whether there is a legal basis for an assessment of punitive damages; that is, whether the issue of punitive damages should be permitted to go the jury. Appellant contends that once that determination is made, the assessment of the degree of the defendant's misconduct for purposes of awarding punitive damages is solely within the province of the jury and a trial judge may not, as the trial judge did in this case, substitute his own opinion in this respect for that of the jury. We agree, and reverse.
Post-Wackenhut, there is only one permissible ground for a determination by a trial judge that a punitive damages award is excessive; that is, that the amount of the award bears no relation to the amount the defendant is able to pay and results in economic castigation. The trial judge in the case before us merged two factors in explaining his opinion that the punitive damages award was excessive-the degree of appellee's misconduct and the ratio of the punitive damages award to appellee's net worth. The degree of misconduct consideration was improper under the Wackenhut holding.[1] A ratio to net worth of 13.3%, without more, does not establish economic castigation.
We reverse with directions to enter final judgment for appellant in accordance with the jury's verdict.
REVERSED.
HOBSON, Acting C.J., and RYDER, J., concur.
NOTES
[1] A trial judge may, of course, make a post-trial determination that the defendant's conduct did not amount to fraud, malice, wantonness, or outrage, so that the issue of punitive damages should not have been submitted to the jury. A-T-O, Inc. v. Garcia, 374 So.2d 533 (Fla.3d DCA 1979).