394 So.2d 1031 (1981)
Jeffrey M. JESSUP, Appellant,
v.
Ricardo REDONDO and U-Totem, Inc., Appellees.
No. 79-1415.
District Court of Appeal of Florida, Third District.
February 3, 1981.
Rehearing Denied March 13, 1981.
*1032 Horton, Perse & Ginsberg and Mallory H. Horton, High, Stack, Lazenby, Bender, Palahach & Lacasa, Miami, for appellant.
Adams & Ward and Robert Ward, Miami, for appellees.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
We reverse the order granting a new trial and remand with directions to the trial court to conduct an evidentiary hearing to determine whether the juror who had worked for U-Totem twelve years prior to trial lied or concealed information concerning the manner in which he left his employment, that is, whether he left voluntarily or was fired. Our decision does not depend upon remarks which may have been made to other members of the jury by the juror in question, but upon the fact that if the juror concealed information during voir dire, the parties were deprived of a completely impartial jury. Loftin v. Wilson, 67 So.2d 185 (Fla. 1953); Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972).
In addition, we find error in the trial court's ruling that compensatory damages of $65,000 and punitive damages of $425,000 awarded against the store, in addition to $5,000 punitive damages awarded against the employee, were so excessive as to shock the conscience of the court. Viewing the record in the light most favorable to appellant and to sustaining the verdict, Warning Safety Lights, Inc. v. Gallor, 346 So.2d 92 (Fla. 3d DCA 1977); Warn Industries v. Geist, 343 So.2d 44 (Fla. 3d DCA 1977), we hold that the amount of damages awarded as a result of U-Totem's employee shooting appellant Jessup in the chest for using foul language was within the province of the jury. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978); Jenkins v. Arab Termite and Pest Control of Florida, Inc., 388 So.2d 44 (Fla. 2d DCA 1980). Under the circumstances of this case, the verdict was not manifestly against the weight of the evidence and the trial court abused its discretion in granting a new trial.
Reversed and remanded.

ON MOTION FOR REHEARING
PER CURIAM.
The appellees' motion for rehearing is denied. We have considered the Florida Supreme Court's recent decision in Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), upon which the appellee corporation, U-Totem, Inc., heavily relies.
The rule laid down in Mercury Motors Express that "in the absence of some fault on the part of the corporate employer, it is not punitively liable for the wilful and wanton misconduct of its employees" would likely have been relevant to this case. U-Totem, however, has waived, on this appeal, *1033 any right to rely on the contention that there was no proof of its fault which would give rise to punitive damages being assessed against it on account of Redondo's conduct. We point out that U-Totem moved in the trial court both for a directed verdict and for a judgment in accordance with the earlier motion for a directed verdict, asserting, inter alia, this very contention. Those motions were denied, but an alternative motion for new trial was granted. Jessup took the present appeal from the order granting U-Totem and Redondo a new trial. In order for U-Totem to complain of the trial court's denial of U-Totem's motions for a directed verdict on the issue of punitive damages, it was incumbent upon U-Totem to cross-appeal. See In re Emergency Amendments to Rules of Appellate Procedure, 381 So.2d 1370 (Fla. 1980), and Bowen v. Willard, 340 So.2d 110 (Fla. 1976). See also Mendelson v. Mendelson, 341 So.2d 811 (Fla. 2d DCA 1977). U-Totem's failure to do this precluded it from raising this issue on appeal and precludes it from raising this issue in a motion for rehearing of our decision.[1]
NOTES
[1] In the event that the trial court determines, after the evidentiary hearing to be conducted pursuant to our remand, that the appellees were deprived of an impartial jury and that a new trial is, therefore, required, U-Totem would, of course, be free to raise the issue of its responsibility for punitive damages.