ROBERT P. SMITH, Jr., Chief Judge.
Seaboard appeals from a circuit court judgment assessing $5,200 in compensatory damages and $30,000 in punitive damages on a jury verdict for seven-year-old Tim Halks, who was injured when he fell upon plates of sharp metal spikes which Seaboard placed between the tracks on its railroad bridge over the Ichetucknee River. Ordinarily these menacing devices are used as cattle guards, but Seaboard installed them here to discourage children and others from walking on or jumping from its bridge, associated with the pasttime of tubing down the river, and from damaging Seaboard’s roadbed by throwing rock ballast into the river. We affirm.
Plaintiff proved a case sufficient for jury consideration on the question of punitive damages. We find no error in the other trial court rulings brought here for review. The significant issue is whether the trial judge was or is authorized to order a new trial should Seaboard refuse a remittitur of half the punitive damage award, $15,000. The trial court did not require this remitti-tur, nor did the judge order a new trial, but the court was deterred only by the district court’s decision in Jenkins v. Arab Termite and Pest Control of Florida, Inc., 388 So.2d 44 (Fla. 2d DCA 1980), which held that punitive damages may be judicially considered excessive only if the damages assessed by the jury amount to economic castigation. The trial judge’s assessment of the punitive damage verdict is here set out in full:
The acts of the Defendant which were the basis of the award of punitive damages were the installation of several sets of iron spikes along the road bed of the trestle which was commonly used by persons of all ages when swimming or tubing in the river. Said common use of the trestle as an exit point from the river by swimmers and tubers was well known to the Defendant. The minor plaintiff was seven years of age when he fell upon the spikes while crossing the trestle. This Court likens the evidence upon which the jury awarded and set the amount of puni *283 tive damages to be between two hypothetical opposite situations: the first being where a land owner secrets a land mine to be unknowingly set off by a trespasser to his damage. The opposite being where a landlord puts up “no trespassing” signs which a trespasser ignores to his injury. The evidence brings this case closer to the “no trespassing” situation than the “land mine” situation. The jury’s award of $30,000.00 punitive damages is grossly excessive and contrary to the evidence. The jury awarded one-third greater punitive damages than requested by Plaintiff’s attorney in closing argument. The tort committed is lacking the degree of maliciousness and/or outrageous disregard for Plaintiff’s rights required to sustain the amount of the verdict. The amount of the verdict shocks the sense of justice of the judicial mind so as to make an inference that the verdict evinces or carries an implication of passion or prejudice, partiality or improper influences or the like. In accordance with Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla.1978) this Court would order a remittitur [of $15,000], and upon Plaintiff’s non-acceptance a new trial, except for Jenkins v. Arab Termite and Pest Control of Florida, Inc., 388 So.2d 44 (Fla. 2d DCA 1980) which appears to hold that post- Wackenhut there is only one permissible ground for a determination by a trial judge that a punitive damages award is excessive; this is that the amount of the award bears no relation to the amount the defendant is able to pay and results in economic castigation. Such conclusion is not warranted in this case.
After the appeal in this case, the Supreme Court decided Arab Termite and Pest Control of Florida, Inc. v. Jenkins, 409 So.2d 1039 (Fla.1982), and quashed the district court’s decision. While the premise of the trial court’s order, that the court lacked power to declare a punitive damage award excessive except on a ground not present in this case, has therefore been found by the Supreme Court to be faulty, we do not remand the case for further consideration by the trial court in light of the Supreme Court’s decision; rather we decide now the inevitable question of the propriety of judi-cally declaring this $30,000 punitive damage verdict award excessive on the ground or grounds stated by the trial judge, namely:
The tort committed is lacking the degree of maliciousness and/or outrageous disregard for Plaintiff’s rights required to sustain the amount of the verdict. The amount of the verdict shocks the sense of justice of the judicial mind so as to make an inference that the verdict evinces or carries an implication of passion or prejudice, partiality or improper influences or the like.
We take this course, rather than remanding to the trial court for a further order in light of the Supreme Court’s decision, because Seaboard has not suggested that any improper influences upon the jury can be established by an additional record, because the trial judge plainly based his expressed views upon considerations arising from the evidence and other circumstances of record, and because we conceive that no further explication of the trial judge’s views, if that were theoretically possible, can alter our conviction that the jury’s verdict was not beyond the dollar range in which the jury could properly have fixed the punitive award in a case otherwise suitable for the award of punitive damages. Nothing, therefore, could be accomplished by remanding for a further elaboration of the trial judge’s reasons for reducing the award from $30,000 to $15,000.
The question is whether the jury’s punitive damage award can be characterized as “out of all reasonable proportion to the malice, outrage, or wantonness of the tor-tious conduct.” Arab Termite, 409 So.2d at 1043. Because the amount of the award was relatively small in comparison to Seaboard’s ability to pay, not nearly approaching economic castigation, we view the proposed remittitur in absolute terms, as remitting $15,000, rather than in comparative terms, as reducing the award by half. Considered in that light, we are persuaded that a verdict seeming to require such a modest correction cannot be considered “out of all *284 reasonable proportion” to the magnitude of the wrong remedied. A remittitur of that amount, in the circumstances of this case, would represent too fine an adjustment of the jury’s collective judgment on a matter that remains peculiarly within its special competence. In other words, we think a jury question on punitive damages was presented and that, given all the circumstances shown by the record and elaborated in the trial court’s order, the verdict cannot be considered “out of all reasonable proportion” to Seaboard’s behavior because it was $15,000 more than the upper limit envisioned by the trial court.
AFFIRMED.
ERVIN and SHAW, JJ., concur.