426 So.2d 1146 (1983)
Carlos REDONDO and U-Totem, Inc., a Corporation, Appellants,
v.
Jeffrey M. JESSUP, Appellee.
No. 81-2674.
District Court of Appeal of Florida, Third District.
February 8, 1983.
Rehearing Denied March 16, 1983.
Adams, Ward, Hunter, Angones & Adams and Steve Hunter, Miami, for appellants.
Horton, Perse & Ginsberg and Edward Perse, Miami, and Charles Stack, Coral Gables, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
In a prior appearance in this court, Jessup v. Redondo, 394 So.2d 1031 (Fla. 3d DCA 1981), the cause was reversed and remanded with directions to conduct an evidentiary hearing on the issue of whether or not a member of the jury that returned the verdict against the defendants lied or concealed information during his voir dire examination, *1147 thereby depriving the parties of a fair trial. After the evidentiary hearing was conducted, the trial court concluded that the juror had not, and entered the appealed order denying the defendants a new trial.
The juror, Vernon Whitley, was employed by the defendant, U-Totem, Inc., twelve years prior to trial. When asked on voir dire why he left that employment, Whitley replied that he did so voluntarily in order to pursue a business opportunity. At the remand hearing, a U-Totem district manager testified that he was in charge of hiring and firing in Whitley's district and that he gave the order to fire Whitley. The reason for the termination, the district manager stated, was a handwritten note in which Whitley admitted having taken between $160 and $200 worth of cash and merchandise from the store he (Whitley) managed. The note was introduced into evidence and a handwriting expert testified that the signature thereon was Whitley's. A payroll voucher introduced at the hearing demonstrated that $200 had been deducted from Whitley's final paycheck to reimburse U-Totem. A letter from the Unemployment Compensation Division to Whitley informed him that he was being denied benefits because he was discharged for having admitted in a signed statement that he took money from the store.
Whitley's testimony was also presented at the evidentiary hearing, but only by way of deposition. Since the trial court had no opportunity to observe Whitley's demeanor, we are not required, as appellee suggests, to accept the trial court's determination of Whitley's credibility. Compare, e.g., Emery Air Freight v. Cornil, 414 So.2d 1167, 1168 (Fla. 5th DCA 1982). The deposition was replete with vague and evasive answers. For example, the following colloquy took place with regard to the handwritten statement:
Q. Was that in fact your handwriting?
A. I couldn't swear to it. It could be. I don't know.
Q. Did you look at the signature?
A. If you look at the signature  if you look at it, it doesn't look like my signature.
Q. Did you look at the signature?
A. Yes, I did.
Q. You are familiar with your own signature?
A. Yes, I am.
Q. Did it appear to be your signature?
A. I can't say, because I don't sign my name the way that it is signed there.
Q. Are you denying under oath that you signed a written statement 
A. No. You asked me if that looked like my signature. That does look like my signature. It does not look like my signature as opposed to the way I sign my name today.
Q. Is it possible that you signed a written statement admitting that you took up to $200 in cash or merchandise from U-Totem back in 1968?
A. It is possible.
Otherwise, Whitley testified that although it was his understanding that he left U-Totem to open a restaurant, he really did not recall any of the circumstances surrounding his departure. Nor did he remember whether he sought unemployment benefits at that time.
When material information is either falsely represented or concealed by a juror upon voir dire, the entire proceeding is tainted and the parties are deprived of a fair and impartial trial.[1]Loftin v. Wilson, 67 So.2d 185 (Fla. 1953); Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972).
[T]he fact that the false information was unintentional, and that there was no bad faith, does not affect the question, as the harm lies in the falsity of the information, regardless of the knowledge of its falsity on the part of the informant; while willful falsehood may intensify the wrong done, it is not essential to constitute the wrong; ... when the fact appears that false information was given, and that it was relied upon, the right to a new trial follows as a matter of law.
267 So.2d at 382 (quoting Drury v. Franke, 247 Ky. 758, 797, 57 S.W.2d 969, 984-5 (1933)).
Even if it could be believed, Whitley's testimony to the effect that he just could not remember exactly why he left *1148 U-Totem did not controvert the evidence that he was fired. Consequently, the trial court's finding either constitutes a misapprehension of the legal effect of the evidence or a palpable misconception of the facts, either of which is reversible error under the circumstances. Holland v. Gross, 89 So.2d 255 (Fla. 1956); Winton v. Stone, 107 Fla. 636, 145 So. 845 (1933); Bystrom v. Equitable Life Assurance Society of the United States, 416 So.2d 1133, 1140 (Fla. 3d DCA 1982).
For this reason, the order denying the defendants' motion for a new trial is reversed and the cause remanded with directions to grant the motion and for further proceedings not inconsistent herewith.
NOTES
[1] The question of whether the movants negligently failed to learn of the circumstances of Whitley's departure from U-Totem was not presented to us. Therefore, we expressly do not decide the point.