458 So.2d 819 (1984)
Jefferson MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. AW-271.
District Court of Appeal of Florida, First District.
November 1, 1984.
*820 Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Mitchell appeals from convictions of three counts involving offenses which arose out of a major disturbance at Cross City Correctional Institution where he was an inmate. We reject appellant's assertion that the trial court erred in denying his motion for judgment of acquittal on the count one charge of attempting to cause a riot under Section 944.45, Florida Statutes (1981). However, we must reverse and remand for a new trial on all three counts by reason of a juror's failure to respond truthfully to a material question propounded by defense counsel during jury selection.
Prior to allowing the attorneys to address questions directly to the prospective jurors, the trial court asked the jurors a number of questions. One of the questions was whether any of the jurors had any family member, relative or friend who was employed at the Cross City Correctional Institution. All of the jurors, including a Mrs. Newman, responded in the negative. After the trial judge completed his questioning of the jurors, he turned the voir dire over to counsel admonishing them against repetition of the areas already covered by the court. No further inquiry or comment was made during jury selection regarding any relationship between the jurors and employees at the correctional facility.
After the verdict, it was discovered by defense counsel that Mrs. Newman was the aunt of a Cross City correctional officer.[1] In fact, her nephew had been present in the courtroom during the trial assisting in security.
At the hearing on the motion for new trial, defense counsel asserted that, although he eventually used all of his peremptory challenges, he still had several challenges remaining at the time that the subject question was asked and that he would have used one of them by excusing Mrs. Newman had she given a truthful response. The trial court took testimony from Mrs. Newman who stated that she recalled being asked the subject question but responded as she did because she thought the question was limited to her immediate family. She said that she was aware that her nephew was present in the courtroom during the trial but that her relationship to him and his presence in the courtroom had no effect on her deliberations.
Trial counsel are entitled to truthful responses to questions propounded during the jury selection process. Notwithstanding Mrs. Newman's after-the-fact insistence that she thought the court was referring to her immediate family, the question was obviously not so limited. The question was framed in such a way that it should have elicited a positive response from the prospective juror who knew her nephew to *821 be a correctional officer at the Cross City facility. The question and negative answer being both clear and straightforward, it was not incumbent upon defense counsel to explore the topic further particularly in view of the trial court's admonition of counsel to avoid repetitive questioning.
The state relies, in part, upon the Florida Supreme Court's recent decision in Lusk v. State, 446 So.2d 1038 (Fla. 1984). That case is inapposite inasmuch as it dealt with the question of whether a juror was excusable for cause. The Supreme Court held that it was not error to deny the defendant's motion to excuse a correctional officer for cause on the ground, as the defendant contended, that a law enforcement position inherently creates a disability to serve as a fair and impartial juror.
The examination of a juror on voir dire has a dual purpose, namely, to ascertain whether a legal cause for challenge exists and also to determine whether prudence and good judgment suggest the exercise of a peremptory challenge. The right of peremptory challenge implies the right to make an intelligent judgment as to whether a juror should be excused. Counsel have the right to truthful information in making that judgment. See Minnis v. Jackson, 330 So.2d 847 (Fla. 3rd DCA 1976); Loftin v. Wilson, 67 So.2d 185 (Fla. 1953); Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2nd DCA 1972).
The state argues that the defendant should be denied relief because the juror's untruthful response was not intentional. We might abide that argument if, for example, the juror was not aware of her nephew's employment or the question were reasonably susceptible to being interpreted as an inquiry about the juror's immediate family. Compare Rouede Construction, Inc. v. First National Bank of Eau Gallie, 177 So.2d 375 (Fla. 2nd DCA 1965). No such reason appears in the instant case for the juror's untruthful response. Even assuming, as the trial court found, that the juror had no intent to deceive, nevertheless relief will be afforded where (1) the question propounded is straightforward and not reasonable susceptible to misinterpretation; (2) the juror gives an untruthful answer; (3) the inquiry concerns material and relevant matter to which counsel may reasonably be expected to give substantial weight in the exercise of his peremptory challenges; (4) there were peremptory challenges remaining which counsel would have exercised at the time the question was asked; and (5) counsel represents that he would have peremptorily excused the juror had the juror truthfully responded.[2]
Failure to enforce the right to elicit from prospective jurors truthful answers to material questions renders hollow the right of peremptory challenge.
Reversed and Remanded for a new trial.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] Although the record does not indicate how defense counsel learned of the relationship, no issue is raised with respect thereto.
[2] In Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2nd DCA 1972), the court stated (quoting from Drury v. Franke, 247 Ky. 758, 797, 57 S.W.2d 969, 984-5 (1933)):

[T]he fact that the false information was unintentional, and that there was no bad faith, does not affect the question, as the harm lies in the falsity of the information, regardless of the knowledge of its falsity on the part of the informant; while willful falsehood may intensify the wrong done, it is not essential to constitute the wrong; ... when the fact appears that false information was given, and that it was relied upon, the right to a new trial follows as a matter of law.
See also Redondo v. Jessup, 426 So.2d 1146 (Fla. 3rd DCA 1983). To the extent that the phrase "regardless of the knowledge of its falsity" contained in the above quote would be deemed to encompass a situation where, for example, Mrs. Newman did not actually know that her nephew was employed at the correctional facility when she answered the subject question in the negative, we doubt that we would follow a literal application of the principal announced in the above quote. However, that is not the situation before us as Mrs. Newman did have such knowledge when she responded to the question.