## DREW v COUCH, et al.

Case No. 83-3673

First Judicial Circuit, Escambia County

October 7, 1986

## OPINION OF THE COURT

NICHOLAS P. GEEKER, Circuit Judge.

This cause is before the Court pursuant to notice upon plaintiffs' motion for new trial and defendants' renewed motion for directed verdict. The Court has considered the post-hearing memoranda submitted in support of and in opposition to the pending motions and concludes as follows:

24

## NEW TRIAL MOTION

Plaintiffs seek a new trial following an adverse jury verdict premised on juror misconduct stemming from responses given by one juror during the jury selection process. In conducting the *voir dire* examination, one of the plaintiffs' attorneys directed a number of questions to the veniremen in a collective fashion. These pertinent questions were stated and asked:

Okay. One question I've forgotten more than once and I've learned my lesson not to forget it. Have we been on the other side of any lawsuit? Have we made a claim against you or someone you know, close friend or relative or anything like that when we were on the other side of any litigation? Never had our law firm on the other side. (T,49)

\* \* \*

Okay. Anybody been represented by us at any time? Any of these attorneys in our law firm represent you or a member of your family, let's say? (T,47)

To these questions, one juror, Mrs. Malone, failed to voice any affirmative response. Ultimately, she was selected and sworn as one of the trial jury. Plaintiffs have presented facts disclosing that fifteen years ago Mrs. Malone was divorced from her husband who at that time was presented by a member of the law firm representing plaintiffs.[1] This particular fact is not disputed by defendants. Plaintiffs assert Mrs. Malone should have responded affirmatively to either one or both of the questions asked and that her failure to do so constituted concealment of a material fact warranting relief in the form of a new trial.

A number of cases have reviewed the issue under consideration. See e.g., *Loftin v. Wilson*, 67 So. 2d 185 (Fla. 1953). See also, *Perl v. K-Mart*, 11 FLW 1926 (September 9, 1986); *Schofield v. Carnival Cruise Lines*, 461 So.2d 152 (3 DCA 1984); *Mitchell v. State*, 458 So.2d 819 (1 DCA 1984); *Smiley v. McCallister*, 451 So.2d 977 (4 DCA 1984); *Owen v. Bay Memorial Medical Center*, 443 So.2d 128 (1 DCA 1984); *Mobil Chemical Co. v. Hawkins*, 440 So. 2d 378 (1 DCA 1983);

---

[1] Each side has presented other subsidiary facts, reconstructed outside the record, concerning the divorce action which this Court deems unnecessary of consideration in reaching a disposition of the new trial issue. They are recounted in a summary fashion in the event a reviewing tribunal finds them to be relevant: in the final judgment entered, the wife, Mrs. Malone, surrendered custody of their minor daughter and possession of the marital home. This final judgment was consistent with a martial settlement agreement reached between Mrs. Malone and her husband. Some years later, Mrs. Malone remarried her former husband and was married to him at the time of trial.

*Redondo v. Jessup*, 426 So.2d 1146 (3 DCA 1983); *Skiles v. Ryder Truck Lines, Inc.*, 267 So.2d 379 (2 DCA 1972).

## I.

The standard against which the allegations in support of a new trial motion for juror non-disclosure are measured can be stated thusly:

1. The non-disclosed facts must be material;

2. They must have been concealed by the juror upon *voir dire* examination;

3. The failure to discover the concealed facts must not be due to lack of diligence on part of the moving party. *Schofield v. Carnival Cruise Lines*, supra, at 154; *Skiles v. Ryder Truck Lines, Inc.*, supra, at 380.

From this standard has evolved a further recognition that the questions asked must not be ambiguous or susceptible to misinterpretation. *Mitchell v. State*, supra, 821; *Perl v. K-Mart*, supra. In the first series of questions referenced earlier, this Court finds the questions to be ambiguous and subject to misinterpretation; therefore, the prospective juror Mrs. Malone could rightfully have understood the question to have been confined to instances where the law firm of plaintiffs' counsel had brought a claim for damages, such as in the instant case, against any prospective juror or a member of his or her family. In the second series of questions referenced the Court finds the prospective juror gave no untruthful responses: she had not been *represented* by the law firm of plaintiffs' counsel at any time; and neither she nor a family member were *being represented* by *that law firm*.[2] These conclusions are reached in view of this Court's awareness that jurors are lay people unschooled in the refinements of advocacy and trial tactics. Case into a sea of unsettled waters, these jurors quite naturally may be overawed and made uncomfortable by trial proceedings which render them involuntary participants. Oftentimes it has not been an uncommon experience for this Court to observe prospective jurors respond erroneously to even the simplest, most straight forward ques-

---

[2] Defendants have also argued that the non-disclosure by Mrs. Malone was not intentional and was not material. While these two contentions are persuasive, this Court chooses not to bottom its decision in this case through resolution of these arguments. Certainly the "intentional-unintentional" dichotomy has some viability under current decisions. *Rouede Construction v. First National of EauGallie*, 177 So.2d 375 (2 DCA 1985); *Mitchell v. State*, supra, at 821, N. 2. Furthermore, given the passage of time since Mrs. Malone's divorce and her encounter in this trial with a member of the law firm that had opposed her, this Court would not discount the contention that the non-disclosure was not material. See e.g., *Shad v. Florida East Coast R. R. Co.*, 236 So.2d 477, 478 (1 DCA 1970).

26

tions. Thus, this Court concludes that while Mrs. Malone did not respond to the questions in the way plaintiff's counsel had expected them to be answered such failure was excusable and it was not a concealment in the sense sufficient to warrant the granting of a new trial.

## II.

Equally worthy of discussion is whether plaintiffs established that due diligence was exercised by them in not discovering the facts concealed through Mrs. Malone's responses. At hearing this Court iterated that exercise of due diligence was a pivotal issue.

Jury selection was completed on Monday, March 10, 1986, and trial was commenced. An alternate juror was also selected and sworn. Between the commencement of trial on Monday, March 10, 1986, and its completion on Thursday, March 13, 1986, plaintiffs' counsel learned, observed or suspected that their selection of Mrs. Malone was impolitic for these reasons: during opening statements, Mrs. Malone ceased to smile and acknowledge plaintiffs' counsel in the apparent friendly vein she had earlier during jury selection; on the second day of trial, an insurance adjuster who was present at trial remarked to the attorneys that Mrs. Malone seemed to be favoring the defendants' position; finally, during final arguments, Mrs. Malone seemed to nod her acquiescence in the argument of defendants' counsel.

Forewarned by these tell-tale signs plaintiffs' counsel took no immediate action and failed to request this Court to consider any remedial action before the jury returned its verdict. This query was also raised by the Court at hearing. Certainly with the selection and presence of an alternate juror, this Court could have considered the remedial measure of removing Mrs. Malone upon proper showing and substituting the alternate juror. Striking her as a juror before a verdict was rendered would not be an unusual or unheard of practice. See e.g., *Schofield v. Carnival Cruise Lines, Inc.*, supra, at 154. Moreover, this Court hardly finds it onerous for plaintiffs' counsel to compare the names of seven jurors with those names of former clients given the four-day period they would have had to make an analysis and determination. Plaintiffs' counsel remained inert until the jury returned a verdict adverse to their clients.

Against this backdrop this Court concludes that plaintiffs have not satisfied their burden of establishing the exercise of due diligence on their part to warrant the grant of a new trial. *Dueitt v. State*, 491 So.2d 1258 (1 DCA 1986); *Petroleum Carriers Corp. v. Summerlin*, 112 So.2d 12 (2 DCA 1959).

**27**

Accordingly, it is

ORDERED:

1. Plaintiffs' motion for new trial be and the same is hereby denied.

2. Defendants' renewed motion for directed verdict be and the same is hereby denied.

DONE AND ORDERED at Pensacola, Escambia County, Florida, this 7th day of October, 1986.