FRANK, Judge.
Robert Coyne was charged with attempted first degree murder in violation of sec *222 tions 777.04(1) and 782.04(l)(a), Florida Statutes (1985). At the close of the evidence, the jury found him guilty of attempted second degree murder. Coyne timely sought a new trial pursuant to rule 3.600(a)(3) of the Florida Rules of Criminal Procedure based upon “newly discovered evidence,” i.e., the victim would testify that the knife used by Coyne in his attack upon her did not come from her kitchen. The trial court rejected the conduct of a new trial based upon the ground of newly discovered evidence, but it did conclude that rule 3.600(b)(8) supported Coyne’s motion. In the trial court’s view, Coyne was denied a fair and impartial trial.
The facts underlying the trial court’s decision are as follows. Coyne visited the home of the victim Sandra Vadnais, Coyne's former girlfriend, where they had lived prior to terminating their relationship. He gained entry into the home from Sandra’s roommate, Jerry Tallent. The purpose of Coyne’s visit was to retrieve his belongings and a car which he had agreed to purchase from Sandra. Tallent’s testimony at trial revealed that during Coyne’s presence in the house, he removed a steak knife from a kitchen drawer placing it in his jacket pocket. Later that afternoon when Coyne returned to the house, he and Sandra engaged in a heated argument concerning the title to the automobile. The dispute culminated in Coyne stabbing Sandra repeatedly with a knife he obtained from his jacket pocket. At trial Coyne denied having taken the knife from Sandra’s kitchen.
Prior to closing arguments, Sandra reported to the trial judge her concern with respect to the knife’s origin. She questioned whether it came from her kitchen. She had not been asked to identify it at trial. The judge advised Sandra to communicate with the attorneys which she did; neither the prosecutor nor the defense counsel wished to reopen the evidence.
After the jury retired to deliberate, Sandra was shown the knife and confirmed that it was not hers. The jury returned a verdict of attempted second degree murder. Coyne's counsel moved for a new trial relying upon Sandra’s disclaimer that the knife was hers.
We do not question that the trial court has discretion in granting or denying a motion for new trial; however, that discretion is abused where, as in this instance, the error alleged as a ground for new trial did not result in any harm or prejudice to the defendant. State v. Tresvant, 359 So.2d 524 (Fla. 3d DCA 1978). Concededly, the evidence regarding the knife’s origin may have had some bearing upon whether Coyne premeditated Sandra’s murder, but any concern with that element vanished with the verdict of attempted second degree murder.
Moreover, assuming that Sandra’s testimony would have conflicted with Tallent’s, that circumstance is not sufficient to justify the granting of a new trial. See Dames v. State, 314 So.2d 171 (Fla. 3d DCA 1975). Impeaching Tallent with Sandra’s testimony would not have altered the effect of the evidence supporting Coyne’s conviction.
Thus, because the record contains ample evidence to sustain the verdict and Sandra’s testimony would not have influenced the effect of that evidence, the fairness of the trial was not impaired, and the trial court’s finding to the contrary was an abuse of discretion. State v. Connell, 478 So.2d 1176 (Fla. 2d DCA 1985).
We, therefore, reverse and remand to the trial court for the entry of a judgment and sentence in accordance with the verdict of attempted second degree murder.
DANAHY, C.J., and THREADGILL, J., concur.