536 So.2d 1187 (1989)
STATE of Florida, Appellant,
v.
David McGough, Appellee.
No. 87-3303.
District Court of Appeal of Florida, Second District.
January 13, 1989.
*1188 Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
SCHOONOVER, Judge.
The state appeals the trial court's order granting the appellee, David McGough, a new trial. We find that the trial court abused its discretion in granting the appellee's motion for new trial and, accordingly, reverse.
The appellee was charged with aggravated assault and aggravated battery. Mr. Bruce Carroll was one of the jurors selected to try the appellee's case. The jury returned a verdict finding the appellee guilty only of aggravated battery.
The appellee filed a timely motion for new trial alleging, among other things, juror misconduct on the part of Mr. Carroll because he "failed to advise the court or counsel that his wife had been a secretary in the felony division of the State Attorney's Office ... and had recently been rehired by that office." The trial court granted the motion without a hearing.
The state then filed a motion for rehearing and alleged that Mr. Carroll's wife had been employed by the state attorney's office several years prior to the appellee's trial and that she had not been rehired until after that trial. At the hearing on the state's motion, the appellee stipulated that Mr. Carroll's wife was not working at the state attorney's office at the time of trial and that Mr. Carroll never intended to mislead the trial court. The state offered into evidence Mr. Carroll's written juror questionnaire form which indicated that his wife was once employed by the state attorney's office. Such questionnaires were used by the trial court, and the trial court indicated that they had been made available to the attorneys. The trial court denied the state's motion for rehearing, and this timely appeal followed.
*1189 The state contends that the trial court erred in granting a new trial based upon its finding of juror misconduct. We agree and reverse because there is no evidence in the record to support the trial court's ruling.
During jury selection, trial counsel are entitled to truthful responses to the questions they pose to the venire members, and a false response may provide grounds for a new trial. See Mitchell v. State, 458 So.2d 819 (Fla. 1st DCA 1984). See also, White v. State, 129 Fla. 885, 176 So. 842 (1937); Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972), cert. denied, 275 So.2d 253 (Fla. 1973). Our review of the transcript, however, reveals that Mr. Carroll did not falsely answer any questions concerning his wife's affiliation with the state attorney's office. When appellee's attorney asked Mr. Carroll whether his wife was employed outside the home, he truthfully responded, "Not at this present time."
In addition to an untruthful response on voir dire, a juror's concealment of information which may have been material to whether that juror would be excused by peremptory challenge or for cause, when such concealment is not revealed or discovered until after trial, can in certain circumstances justify the granting of a new trial. See State v. Tresvant, 359 So.2d 524 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1375 (Fla. 1979). A new trial cannot be granted, however, when the failure to discover the potential juror's concealment or untruthfulness on voir dire was due to a lack of diligence by the complaining party. Skiles; Schofield v. Carnival Cruise Lines, Inc., 461 So.2d 152 (Fla. 3d DCA 1984), petition for review denied, 472 So.2d 1182 (Fla. 1985). See also, State v. Madoil, 12 Fla. 151 (1868). Mr. Carroll's questionnaire indicated that his wife was formerly employed by the state attorney's office and, therefore, no concealment occurred. Even if Mr. Carroll was somehow less than candid by failing to orally announce (without ever being asked) that his wife was once employed by the state attorney's office, this lack of candor resulted from defense counsel's lack of diligence in failing to examine the questionnaire which was made available by the trial court.
Additionally, a new trial based upon a juror's lack of legal competence should not be granted unless bias or prejudice is apparent. Florida Power Corp. v. Smith, 202 So.2d 872 (Fla. 2d DCA 1967). The record, however, does not contain any evidence that Mr. Carroll's ability to be fair and impartial was affected by his wife's affiliation with the state attorney's office. To the contrary, his answers to questions posed during voir dire indicated that he would follow the law as instructed by the trial court, that he would presume the appellee was innocent until the state established guilt beyond a reasonable doubt, and that he knew of no reason why he could not render a fair and impartial verdict. Mr. Carroll's answers to these questions were never refuted or scrutinized by the attorneys or the trial court. Thus, any claim that Mr. Carroll was prejudiced against the defense could only be based upon speculation. Mere speculation is insufficient to support such a claim. Florida Power.
We realize that the decision of whether to grant a motion for new trial is within a trial court's broad discretion and should not be disturbed absent a clear showing that this discretion has been abused. In this case, we find that the trial court did abuse its discretion because the record does not establish that any juror misconduct occurred. See State v. Coyne, 512 So.2d 221 (Fla. 2d DCA 1987); State v. Woodson, 330 So.2d 152 (Fla. 4th DCA 1976). We, accordingly, reverse the trial court's order granting the appellee's motion for new trial and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
RYDER, A.C.J., and DANAHY, J., concur.