DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID FARRELL, JR.,**
Appellant,

v.

**LOUIS EUGENE CHARTOCK,**
Appellee.

No. 4D2024-2467

[August 13, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Brett M. Waronicki, Judge; L.T. Case No. 2022CA000112.

Chris Moore and Jonathon T. Eberst of The Eberst Law Firm, P.A., Stuart, for appellant.

Warren B. Kwavnick of The Law Office of Warren B. Kwavnick, PLLC, Pembroke Pines, for appellee.

KUNTZ, C.J.

David Farrell, Jr. appeals the circuit court's order granting Louis Eugene Chartock's motion for new trial based on juror misconduct. The circuit court concluded the juror withheld material information during voir dire. Because the juror specifically disclosed the allegedly withheld information on a juror questionnaire, we reverse and remand for entry of judgment in accordance with the jury's verdict.

**Background**

Farrell sued Chartock, claiming that Chartock negligently caused an automobile accident. The case proceeded to trial. Before voir dire, the jury venire filled out questionnaires. One question asked, "Have you or a member of your immediate family ever made a claim for personal injuries or other money damages? If yes, please explain." The juror in question responded, "Myself. Car accident that is still pending."

At voir dire, Farrell's attorney asked if any of the jurors had "any involvement or one of their friends or family that's been involved on either

side in an injury lawsuit before?"  The juror in question raised his hand and answered:

> Yes, sir. My girlfriend's in -- right now in the middle of it as well.  She was hit from behind . . . .

> And also, way back when I was younger, I was on the other side as well.  But with my occupation I had for 20 years, I can be impartial either way.

Even though Farrell's attorney asked other jurors about their completed questionnaires, the attorney did not ask any questions about this specific juror's completed questionnaire.

When Chartock's attorney questioned the juror, the attorney's questions focused on the juror's girlfriend.  Nothing in the record indicates the juror did not truthfully answer the questions, though the juror focused on answering about his girlfriend.  Like Farrell's attorney, Chartock's attorney did not refer to the juror's completed questionnaire.

After voir dire, the juror was selected to serve.  At the trial's conclusion, the jury returned a verdict awarding Farrell $400,000 in damages.

Shortly after the verdict, Chartock moved for a new trial.  He argued that an investigation revealed the juror had failed to disclose he also was in his girlfriend's accident and had his own damages claims relating to that accident.

Based on the motion, the circuit court allowed the parties to conduct a juror interview.  During the interview, the juror stated he had "a little bit" of back, knee, and shoulder pain resulting from the accident, and had received chiropractic treatments.  After Farrell and Chartock's trial had ended, the juror had recovered approximately $6,000 for his alleged injuries.  Farrell's attorney asked the juror if he would have disclosed the information about his accident had he been asked during voir dire.  The jury responded, "Absolutely.  I think I wrote it on my -- on the questionnaire as well."

After the interview, the circuit court asked Chartock's counsel how it could overcome the juror's questionnaire.  But the circuit court ultimately granted a new trial, finding that the juror's statements "led the parties and this Court to believe" he was not involved in his girlfriend's accident.

2

**Analysis**

We examine three factors to determine whether a juror's alleged nondisclosure of information during jury selection warrants a new trial. "First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party's lack of diligence." *De La Rosa v. Zequeira*, 659 So. 2d 239, 241 (Fla. 1995).

Here, we focus on the third factor. The juror answered a written question which asked, "Have you or a member of your immediate family ever made a claim for personal injuries or other money damages? If yes, please explain." The juror responded, "Myself. Car accident that is still pending."

Neither party asked one question about this written response, which specifically disclosed his involvement in a pending car accident claim. And "failing to examine the questionnaire which was made available by the trial court" is a lack of diligence by the complaining party. *State v. McGough*, 536 So. 2d 1187, 1189 (Fla. 2d DCA 1989). The circuit court granted Chartock's motion based on questions "no one bothered to ask." No one asked the juror during voir dire about the clear and direct answer in his questionnaire. *Gamsen v. State Farm Fire and Cas. Co.*, 68 So. 3d 290, 294 (Fla. 4th DCA 2011).

**Conclusion**

We reverse the circuit court's order granting a new trial and remand for entry of a judgment consistent with the jury's verdict.

*Reversed and remanded.*

GERBER and ARTAU, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

3