409 So.2d 1039 (1982)
ARAB TERMITE AND PEST CONTROL of Florida, Inc., et al., Petitioners,
v.
Thelma JENKINS, Respondent.
No. 59782.
Supreme Court of Florida.
January 28, 1982.
*1040 Clifford L. Somers of Miller, McKendree & Somers, Tampa, and Michael A. Smith of Goza, Hall, Peacock, Peters & Smith, Clearwater, for Arab Termite and Pest Control of Florida, Inc.
Robert M. Klein of Stephens, Lynn, Chernay & Klein, Miami, for American Home Assurance Co.
Julian Clarkson and Warren M. Goodrich of Holland & Knight, Tampa, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of the decision in Jenkins v. Arab Termite & Pest Control of Florida, Inc., 388 So.2d 44 (Fla. 2d DCA 1980). The district court of appeal created express and direct conflict by misapplication of the rule announced in Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash and remand.
Petitioner Arab Termite and Pest Control agreed to fumigate a house, the home of Merton Earle Jenkins and his wife Thelma Jenkins. Because petitioner used a different pesticide from that called for in the contract and because petitioner's employees negligently aerated the house, Merton Earle Jenkins died within a few hours after re-entering his home. Thelma Jenkins brought this wrongful death action against the petitioner.
After trial the jury found $50,000 in compensatory damages and $125,000 in punitive damages. On petitioner's motion, the court ordered a remittitur of $75,000 of the punitive damages award or a new trial if the remittitur be rejected by the plaintiff. The *1041 trial court concluded that the conduct shown by the evidence was not wanton or malicious enough to justify the amount of punitive damages awarded and that the amount was out of proper proportion to the defendant's net worth.
The district court reversed, holding that the trial court had erred in finding the award excessive based on the degree of the defendant's misconduct. The issue before us is whether the trial court had the authority to consider the degree of the defendant's misconduct in relation to the amount of punitive damages found by the jury.
The district court concluded that in Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978), we held that if a legal basis for punitive damages exists, their assessment by the jury and the amount thereof are matters the judge may not disturb on the ground of degree of misconduct. The district court said:
Post-Wackenhut, there is only one permissible ground for a determination by a trial judge that a punitive damages award is excessive; that is, that the amount of the award bears no relation to the amount the defendant is able to pay and results in economic castigation. The trial judge in the case before us merged two factors in explaining his opinion that the punitive damages award was excessive  the degree of appellee's misconduct and the ratio of the punitive damages award to appellee's net worth. The degree of misconduct consideration was improper under the Wackenhut holding.
388 So.2d at 45 (footnote omitted). This statement represents an erroneous reading of Wackenhut.
In Wackenhut this Court adhered to the settled rule that a trial judge may not substitute its judgment for that of the jury on the matter of damages and may enter an order of remittitur or new trial only when the record affirmatively shows the jury's verdict to be excessive or when the judge makes specific findings concluding that the jury was influenced by something outside the record. We then explained the application of the rule in a case of punitive damages, thus engendering the district court's difficulty in the present case.
When claims for punitive damages are made, the respective provinces of the court and jury are well defined. The court is to decide at the close of evidence whether there is a legal basis for recovery of punitive damages shown by any interpretation of the evidence favorable to the plaintiff. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222 (Fla. 1936). A legal basis for punitive damages exists where torts are committed in an outrageous manner or with fraud, malice, wantonness or oppression. Id. at 221. Once the court permits the issue of punitive damages to go to the jury, the jury has the discretion whether or not to award punitive damages and the amount which should be awarded. Punitive damages "are peculiarly left to the discretion of the jury as the degree of punishment to be inflicted must always be dependent on the circumstances of each case, as well as upon the demonstrated degree of malice, wantonness, oppression, or outrage found by the jury from the evidence." (emphasis supplied) Id.

Wackenhut Corp. v. Canty, 359 So.2d at 435-36.
The Court went on to discuss three "unusual" situations in which punitive damages verdicts have been deemed excessive. The three situations listed were: (1) where the award bears no reasonable relation to the defendant's ability to pay and results in economic castigation; (2) where the tort lacks the degree of malice or outrage to justify the amount of the verdict; and (3) where the punitive damages bear no reasonable relation to the compensatory damages awarded. Then we said:
It is clear to us that the trial judge in this case ignored the role of the jury because none of the foregoing unusual circumstances appear in the record. The award (2% of a net worth of 9.2 million dollars) is not economic castigation of Wackenhut. There was a legal basis for *1042 punitive damages being assessed, else the issue should not have been permitted by the judge to go before the jury. Likewise the trial court obviously concluded there was a legal basis for punitive damages by permitting $50,000 of the award to stand. As to the requirement that punitive damages bear a reasonable relationship to the compensatory damages, the trial court implicitly recognized such requirement in its order granting the new trial. Although it found the compensatory damages to be supported by the evidence a new trial on both compensatory and punitive damages was ordered when the remittitur was declined. Notwithstanding the application of such a condition by several District Court of Appeal decisions, e.g., Turner and Rodriguez, supra, this requirement has been repudiated recently by this Court in Lassitter v. Intern. Union of Op. Engin., 349 So.2d 622 (Fla. 1976). For the reasons expressed in Lassitter, it is not required that punitive damages must bear some reasonable relationship to the actual damages awarded by the jury and the trial court erred in implicitly applying such a standard.
Id. at 436.
Thus the Court did not, as one of the dissenters charged, Wackenhut Corp. v. Canty, 359 So.2d at 441 (Smith, J., dissenting), commit review on the ground of degree of misconduct "to the rubbish heap." We explicitly adhered to the rules developed in Laskey v. Smith, 239 So.2d 13 (1970), and Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). The specific ground of our decision was that no basis appeared in the record for concluding that the jury's punitive damages award was excessive.
In Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), the Court held that a trial judge may grant a new trial in a civil case if he concludes that the verdict is against the manifest weight of the evidence. In Hodge v. Jacksonville Terminal Co., 234 So.2d 645 (Fla. 1970), we held that setting aside a jury verdict requires more than a finding that the verdict is contrary to the evidence. The verdict must be manifestly against the weight of the evidence, or demonstrably the product of influence from outside the record.
Our Wackenhut opinion observed that Cloud and Hodge were applied together to the problem of remittitur in Laskey v. Smith, 239 So.2d 13 (1970). In that case we said:
A jury's determination of damage is reviewable by the trial judge on precisely the same principles as govern his superintendence of determinations of liability. Mr. Justice Drew stated them clearly in Hodge v. Jacksonville Terminal Company, Fla., 234 So.2d 645, opinion filed April 22, 1970. The record must affirmatively show the impropriety of the verdict or there must be an independent determination by the trial judge that the jury was influenced by considerations outside the record.
In other words, the trial judge does not sit as a seventh juror with veto power. His setting aside a verdict must be supported by the record, as in Cloud v. Fallis, Fla. 1959, 110 So.2d 669, or by findings reasonably amenable to judicial review. Not every verdict which raises a judicial eyebrow should shock the judicial conscience.
In its movement toward constancy of principle, the law must permit a reasonable latitude for inconstancy of result in the performance of juries. The trial judge's review of that performance is likewise sustainable within a broad range provided that the record or findings of influence outside it support his determination.
Id. at 14.
We were right to disavow the rule that punitive damages must bear some reasonable relation to compensatory damages, Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1976), because the amount of compensation for loss is an entirely separate matter from the amount of punitive damages. Punitive damages apply to wrongdoing not covered by the criminal law, where the private injuries inflicted partake of public wrongs. *1043 They are to be measured by the enormity of the offense, entirely aside from the measure of compensation for the injured plaintiff. Ingram v. Pettit, 340 So.2d 922 (Fla. 1976); Campbell v. Government Employees Insurance Co., 306 So.2d 525 (Fla. 1974); Florida Railway & Navigation Co. v. Webster, 25 Fla. 394, 5 So. 714 (1889).
It is still proper, however (even post-Wackenhut), to issue an order for new trial or remittitur when the manifest weight of the evidence shows that the amount of punitive damages assessed is out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct. Either this finding must be affirmatively supported by the record or the judge must find that the jury was influenced by matters outside the record.
The third situation mentioned above as a ground for setting aside the jury's verdict, that the award is out of proportion to the defendant's net worth, is of course a proper consideration. Since the defendant's financial position is proper for the jury to consider in imposing punitive damages, Bould v. Touchette, 349 So.2d 1181 (Fla. 1977); Jones v. Greeley, 25 Fla. 629, 6 So. 448 (1889), it must be considered along with the malice of the defendant's conduct in ruling on the question whether the jury's assessment is excessive in light of the manifest weight of the evidence. Punitive damages should be painful enough to provide some retribution and deterrence, but should not be allowed to destroy the defendant.
We hold, therefore, that the trial court may consider the degree of the defendant's misconduct in determining whether the amount of punitive damages is against the manifest weight of the evidence. Accord, Sturm, Ruger & Co. v. Day, 594 P.2d 38 (Alaska 1979); Neal v. Farmers' Insurance Exchange, 21 Cal.3d 910, 582 P.2d 980, 148 Cal. Rptr. 389 (1978); Frick v. Abell, 602 P.2d 852 (Colo. 1979); Kang v. Harrington, 59 Haw. 652, 587 P.2d 285 (1978); Henderson v. Hassur, 225 Kan. 678, 594 P.2d 650 (1979); Wilson v. City of Eagan, 297 N.W.2d 146 (Minn. 1980); Fahrenberg v. Tengel, 96 Wis.2d 211, 291 N.W.2d 516 (1980).
The district court concluded that the trial court was without power to consider whether the amount of punitive damages found by the jury was out of proportion to the degree of malice or outrage in the defendant's conduct. Therefore the district court did not determine whether the trial court's decision was affirmatively supported by the record (i.e., the manifest weight of the evidence) or by the findings in the judge's order. The parties have not briefed the issue here. We therefore remand the case to the district court to provide the appropriate appellate review.
The decision of the district court is quashed and the case is remanded to that court for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, ALDERMAN and McDONALD, JJ., concur.
SUNDBERG, C.J., dissents: Because I believe the district court correctly interpreted and applied our decision in Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978), I find no conflict of decision and, accordingly, would dismiss this application for discretionary review.
ADKINS, J., dissents but concurs with SUNDBERG, C.J.