670 F.2d 21
 Glen K. DORSEY, Jr., and Barbara J. Dorsey, his wife,
Plaintiffs-Appellants-Cross Appellees,
v.
HONDA MOTOR COMPANY LTD., et al., Defendants-Appellees-Cross
Appellants.
HONDA MOTOR COMPANY LTD., Defendant-Appellant-Cross Appellee,
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellee-Cross Appellant.
 No. 79-3845.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B*
 March 8, 1982.
 Frates, Floyd, Pearson, Stewart, Richman & Greer, Gary D. Fox, Larry S. Stewart, Miami, Fla., for the Dorseys.
 Anthony M. Lanzone & Associates, Anthony M. Lanzone, Robert A. Calinoff, New York City, DeWolf, Ward, Morris, Wohlust, Jontz & O'Donnell, John L. O'Donnell, Jr., Thomas B. DeWolf, Orlando, Fla., for Honda Motor Co. Ltd.
 Akerman, Senterfitt & Eidson, John Edwin Fisher, Orlando, Fla., for Continental Cas. Co.
 Joe N. Unger, Miami, Fla., for Honda Motor Co. Ltd., American Honda Motor and Mission Ins.
 Appeals from the United States District Court for the Middle District of Florida.
 Before GODBOLD, Chief Judge, MORGAN and HENDERSON, Circuit Judges.ON PETITIONS FOR REHEARING
 PER CURIAM:
 
 
 1
 Pending this appeal and a few days before the case was argued to us, the Supreme Court of Florida decided Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981) in which the court said that before an employer may be held vicariously liable for punitive damages under the doctrine of respondeat superior, there must be "some fault" on the employer's part.[1]
 
 
 2
 Relying upon Mercury Motors, Honda urges by petition for rehearing that it cannot be held liable in punitive damages for acts done by Honda R & D because, it says, our opinion excludes the possibility that Honda was guilty of "some fault" of its own. Continental Casualty has also petitioned for rehearing, contending that Mercury Motors abolished Florida's vicarious liability exception to no insurance coverage for punitive damages.
 
 
 3
 As we pointed out in our opinion, 655 F.2d 650 (5th Cir. 1981), by the pretrial stipulation Honda accepted that in legal effect the acts of Honda R & D and its employees were its own acts. Honda cannot escape the consequences of this pretrial acceptance of responsibility via the escape hatch of Mercury Motors. The issues having been drawn in this manner in the pretrial order, at trial the distinction between Honda and Honda R & D was blurred, and presumably no party saw any necessity of distinguishing clearly between what Honda did and what Honda R & D did. In the record it is often hard to tell which one of the family of Honda companies was being described, and no one treated such distinction as a matter of particular consequence. The case having been tried as laid out in the pretrial order, it is too late for Honda to say post-trial that there was insufficient evidence of its own fault independent of acts of Honda R & D and its employees to support the judgment against it for punitive damages. We therefore adhere to our holding that the court erred in setting aside the punitive damages award on motion for judgment n.o.v.
 
 
 4
 We modify our opinion by deleting that portion beginning near the bottom of 655 F.2d 659, with the words "The district court accepted these legal premises ..." and continuing through the rest of the opinion. We vacate the second judgment of the district court in which it held Continental was not liable to Honda for the punitive damages award and remand the case to the district court for it to determine afresh whether under the facts of this case and under Florida law Continental is liable to Honda.
 
 
 5
 The petitions for rehearing are DENIED.
 
 
 6
 AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED with directions to reinstate the punitive damages award in favor of plaintiff Glen K. Dorsey, Jr. and for further proceedings not inconsistent with this opinion.
 
 
 
 *
 Former Fifth Circuit case, Section 9(3) of Public Law 96-452-October 14, 1980
 
 
 [1]
 Although the misconduct of the employee upon which the vicarious liability is based must be willful and wanton, the fault of the employer, independent of the employee's conduct, need be only "some fault" contributing to the plaintiff's injury. Id