447 So.2d 1003 (1984)
Gilbert L. ROBINSON, Appellant/Cross-Appellee,
v.
WINN-DIXIE STORES, INC., Appellee/Cross-Appellant.
No. 82-2083.
District Court of Appeal of Florida, Fourth District.
March 28, 1984.
Rehearing Denied April 24, 1984.
Haggard & Kirland, P.A., and R. Stuart Huff of Law Offices of R. Stuart Huff, Coral Gables, for appellant/cross-appellee.
Vernis, Bowling, Montalto, Goodman & Black, Fort Lauderdale, and Larry Klein, *1004 West Palm Beach, for appellee/cross-appellant.
HERSEY, Judge.
The issues which confront us in this appeal arise from post-judgment orders related to new trial and remittitur. In an action for conversion, false imprisonment and malicious prosecution, the jury, by special interrogatory verdict, awarded plaintiff $200,000 as compensatory damages and $750,000 as punitive damages, finding liability as to each of these three causes of action. The trial court entered a final judgment whereupon appellee, Winn-Dixie, filed various post-trial motions. The trial court first entered an order granting a motion for directed verdict as to the punitive damages. The court then entered an order to take effect should the order directing out punitive damages be overturned on appeal, requiring the plaintiff to accept a remittitur of $500,000 and, in the alternative, granting a new trial on the issue of punitive damages. Subsequently the court entered an amended final judgment reflecting compensatory damages only. Both parties have appealed.
Appellant Robinson operates a small store in the Bahamas and makes frequent trips to the United States to purchase merchandise and transport it back for resale in his own store. On the evening before the incident which gave rise to this action appellant purchased goods which he stored in the backseat of his automobile. The next morning an employee of Winn Dixie assisted appellant in bringing additional purchases out to his car, observed the contents of the backseat, and concluded that the goods had been shoplifted. After consultation with the assistant manager of the store the authorities were called, whereupon Robinson was placed under arrest and his person and vehicle were searched. Winn Dixie employees removed merchandise from his car and returned it to the shelves for resale.
Robinson was charged with petty theft, but a nolle prosequi was subsequently entered on that charge. Robinson then filed the within action, claiming damages for aggravation of an existing heart condition and for other direct and consequential damages. Trial resulted in the damage awards appealed.
We first address the issue of recovery of punitive damages against the corporate appellee, Winn-Dixie.
Winn Dixie relies on Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981). In that case the Florida Supreme Court prescribed the following principles to be applied in cases involving respondeat superior:
We conclude that the principles of law which should be applied in this and in other similar respondeat superior cases are as follows: (1) An employer is vicariously liable for compensatory damages resulting from the negligent acts of employees committed within the scope of their employment even if the employer is without fault. This is based upon the long-recognized public policy that victims injured by the negligence of employees acting within the scope of their employment should be compensated even though it means placing vicarious liability on an innocent employer. (2) Punitive damages, however, go beyond the actual damages suffered by an injured party and are imposed only as a punishment of the defendant and as a deterrent to others. (3) Before an employer may be held vicariously liable for punitive damages under the doctrine of respondeat superior, there must be some fault on his part. (4) Although the misconduct of the employee, upon which the vicarious liability of the employer for punitive damages is based, must be willful and wanton, it is not necessary that the fault of the employer, independent of his employee's conduct, also be willful and wanton. It is sufficient that the plaintiff allege and prove some fault on the part of the employer which foreseeably contributed to the plaintiff's injury to make him vicariously liable for punitive damages.
Id. at 549. In the instant case Winn Dixie attempts to distinguish the acts of the corporation *1005 from the acts of its employees in order to argue that "some fault" was not proven.
On the other hand, Robinson argues that vicarious liability was not an issue in the case and that Mercury Motors does not apply where it is alleged and proved that the corporation "itself" committed the tort. Robinson points out that not one word in approximately seven hundred pages of trial transcript implies a distinction between the corporate acts and the acts of its employees. The jury, by special verdict, found that the corporate defendant acted with "malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of others." In this respect the case is somewhat analagous to Dorsey v. Honda Motor Co., 670 F.2d 21 (5th Cir.), cert. denied, ___ U.S. ___, 103 S.Ct. 177, 74 L.Ed.2d 145 (1982), in which by pretrial stipulation the corporation accepted the acts of a subsidiary and its employees as its own acts. The court stated: "The case having been tried as laid out in the pretrial order, it is too late for Honda to say post-trial that there was insufficient evidence of its own fault independent of acts of Honda R & D and its employees to support the judgment against it for punitive damages." Id. at 22. See also Farish v. Bankers Multiple Line Ins. Co., 425 So.2d 12 (Fla. 4th DCA 1983).
Moreover we conclude that, even accepting appellant's hypothesis, the evidence satisfies the "some fault" requirement of Mercury Motors thereby justifying punitive damages. Winn-Dixie's own fault is evidenced by its publication and implementation of policies governing the conduct of employees who observe shoplifting. Thus it was error for the trial court to grant the motion directing out punitive damages. Accordingly, we reverse that order.
In the contemplation of the trial court, our reversal of this order would activate the order for remittitur or new trial. It is appropriate "to issue an order for new trial or remittitur when the manifest weight of the evidence shows that the amount of punitive damages assessed is out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct. Either this finding must be affirmatively supported by the record or the judge must find that the jury was influenced by matters outside the record." Arab Termite and Pest Control of Florida, Inc. v. Jenkins, 409 So.2d 1039, 1043 (Fla. 1982). We first consider the remittitur aspect of the alternative order.
A punitive damages award may be excessive and therefore erroneous "where the amount bears no reasonable relation to the defendant's ability to pay and results in economic castigation." Arab Termite, 409 So.2d at 1041. In the present case the parties concede that the corporate defendant is a multimillion dollar corporation so that economic castigation is not a viable issue. The remaining question, then, is whether the remittitur is appropriate in light of the manifest weight of the evidence. We provided the trial court with an opportunity to demonstrate, by record reference, those factors which influenced his decision to order a remittitur. We commend his painstaking effort to comply with that request. Notwithstanding, we are not convinced that the amount of punitive damages assessed by the jury was unreasonable, keeping in mind that "[p]unitive damages `are peculiarly left to the discretion of the jury as the degree of punishment to be inflicted must always be dependent on the circumstances of each case, as well as upon the demonstrated degree of malice, wantonness, oppression, or outrage found by the jury from the evidence.'" Wackenhut Corp. v. Canty, 359 So.2d 430, 436 (Fla. 1978) (emphasis supplied) (quoting Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222 (1936)). We therefore reverse the order on motion for remittitur.
Having found that remittitur was improper, we find that the alternative order granting a new trial also was improper as there were no other grounds justifying a new trial.
Our treatment of the alternative orders in this case should not be construed as *1006 an implicit approval of this device. On the contrary, it is not the function of the trial court, however well-intentioned, to second guess the appellate process. He must make his findings based upon the evidence and apply to it the law as he sees it. The ultimate result should be a final judgment which is consistent with what has gone before. On this basis alone we would have and will in the future vacate an order entered under these circumstances. Finding substantial competent evidence to support the jury verdict and the original final judgment, we reverse the two post-judgment orders and the amended final judgment, and remand with instructions to reinstate the original final judgment.
REVERSED AND REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.