472 So.2d 722 (1985)
WINN-DIXIE STORES, INC., Petitioner,
v.
Gilbert ROBINSON, Respondent.
No. 65360.
Supreme Court of Florida.
June 27, 1985.
Richard N. Blank of Montalto & Blank, Miami, and Larry Klein of Klein & Beranek, West Palm Beach, for petitioner.
R. Stuart Huff of the Law Offices of R. Stuart Huff, and Haggard & Kirkland, Coral Gables, for respondent.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Fourth District, in Robinson *723 v. Winn-Dixie Stores, Inc., 447 So.2d 1003 (Fla. 4th DCA 1984), which expressly and directly conflicts with Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980), and Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975). We hold that the district court properly reversed the trial court's order granting a directed verdict on punitive damages for Winn-Dixie Stores, Inc., that the district court erred in reversing the trial court's order granting remittitur or a new trial on the issue of punitive damages, and that the district court erred in disapproving the trial court's entering alternative orders, i.e., a directed verdict, and in the event of reversal, an order granting new trial or remittitur. We therefore approve in part and quash in part the decision of the Fourth District.
Robinson operated a store in the Bahamas and purchased merchandise in the United States for resale in the Bahamas. He had purchased goods at a Winn-Dixie store and had left them in his car. The next day, he went again to the Winn-Dixie store. An employee of Winn-Dixie, who assisted Robinson in bringing his newest purchases out to his car, saw the other merchandise in the back of his car and concluded that this merchandise had been shoplifted. When Robinson went back into the store to make additional purchases, he was placed under arrest. The merchandise that was in his car was removed by Winn-Dixie employees and was reshelved. He was charged with petit theft, but this charge was subsequently dropped.
Robinson filed a complaint against Winn-Dixie Stores, Inc., alleging false imprisonment, malicious prosecution, and conversion, and claiming damages, among other things, for aggravation of an existent heart condition. At the close of the evidence, the trial court denied Winn-Dixie's renewed motion for directed verdict. Finding Winn-Dixie Stores, Inc., guilty of malicious prosecution, false imprisonment, and conversion, the jury, by special interrogatory verdict, assessed compensatory damages in the amount of $200,000. Finding that Winn-Dixie Stores, Inc., acted with malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of others, the jury assessed punitive damages in the amount of $750,000.
The trial court entered judgment for Robinson in the amount of $950,000. Thereafter, Winn-Dixie filed motions for new trial, for judgment in accordance with a motion for directed verdict on the issue of conversion, for judgment in accordance with a motion for directed verdict on the issue of punitive damages, and for remittitur as to compensatory and punitive damages. Finding that Robinson neither alleged nor proved fault on the part of Winn-Dixie which foreseeably contributed to Robinson's injury so as to make it vicariously liable for punitive damages, and relying on Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), the trial court subsequently granted Winn-Dixie's motion for directed verdict on the issue of punitive damages and amended the judgment accordingly. Alternatively, in the event of an appellate disposition reversing its order granting Winn-Dixie's motion for directed verdict on the issue of punitive damages, the trial court granted the motion for remittitur of the punitive damages award in the amount of $500,000, and, failing the acceptance of the remittitur, granted a new trial on the issue of punitive damages. Specifically, the trial court found that the verdict as to punitive damages was grossly excessive and shocked the conscience of the court, that the verdict was contrary to the manifest weight of the evidence, that the jury considered matters outside the record, that the jury was deceived as to the force and credibility of the evidence, and that the manifest weight of the evidence shows that the amount of punitive damages assessed was out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct. Arab Termite and Pest Control v. Jenkins, 409 So.2d 1039 (Fla. 1982).
Robinson appealed and Winn-Dixie cross-appealed. The Fourth District relinquished jurisdiction to the trial court with instructions that the matters of record on which *724 the alternative remittitur was based be referred to with specificity as to location in the record. The trial court then detailed with specificity the basis for its alternative order granting remittitur.
The district court reversed the directed verdict because it determined that Mercury Motors did not apply since vicarious liability was not an issue in this case and alternatively because there was the evidence of some "fault" satisfying the requirement of Mercury Motors, thereby justifying punitive damages. The district court reversed the order on motion for remittitur or in the alternative for new trial on the basis that it was "not convinced that the amount of punitive damages assessed by the jury was unreasonable." 447 So.2d at 1005. It finally disapproved the trial court's entering of alternative orders on the basis that it is not the function of the trial court, however well-intentioned, to second-guess the appellate process. The district court reversed the two post-judgment orders and the amended final judgment and remanded with instruction to reinstate the original final judgment.
Relying on Mercury Motors, Winn-Dixie argues that the trial court properly directed a verdict in its favor on the issue of punitive damages because there was no evidence of fault on its part to make it vicariously liable for punitive damages. Robinson, however, counters that this case is not controlled by Mercury Motors because the present case was pled, tried, and submitted to the jury as involving direct corporate activity and vicarious liability was not an issue. Here, Robinson points out, it was alleged and proved that the corporation itself committed the tort and the jury returned a verdict, finding that the corporate defendant acted with "malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of others."
The Fourth District correctly concluded that because this case was tried on the basis of direct corporate liability, Mercury Motors was not applicable. Most recently in Bankers Multiple Line Insurance Co. v. Farish, 464 So.2d 530 (Fla. 1985), we expressly held that Mercury Motors was not intended to apply to situations where the agent primarily causing the imposition of punitive damages was the managing agent or primary owner of the corporation. We also hold that Mercury Motors is not applicable in the present case where the suit was tried on the theory of the direct liability of Winn-Dixie, and the jury, by special verdict, decided that Winn-Dixie should be held directly liable for punitive damages. Cf. Dorsey v. Honda Motor Co., 670 F.2d 21 (5th Cir.), cert. denied, 459 U.S. 880, 103 S.Ct. 177, 74 L.Ed.2d 145 (1982).
Because the directed verdict was improper, the alternative order for remittitur or new trial must be considered. In this regard, we disagree with the district court's disapproval of the trial court's entry of the alternative orders entered in the present case. We find that it is preferable for the court to rule on a motion for new trial at the same time it grants a defendant's motion for directed verdict in the event that the appellate court reverses the directed verdict. This procedure has been implicitly approved by this Court in Ford Motor Co. v. Kikis, 401 So.2d 1341, 1342 (Fla. 1981). See also Reams v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983); Navarro v. City of Miami, 402 So.2d 438 (Fla. 3d DCA 1981).
We must now address the propriety of the district court's reversal of the order granting remittitur or new trial. Winn-Dixie argues that the Fourth District did not apply the proper test in reversing the order granting remittitur or new trial, that the district court did not expressly and directly find that the trial court abused its discretion but rather merely stated that it was not convinced that the amount of punitive damages was unreasonable. It asserts that the district court just substituted its judgment for that of the trial court. Winn-Dixie contends that the trial court followed the principles announced by this Court for ordering remittitur or new trial and points out that the trial court in the present case expressly found that the manifest weight *725 of the evidence showed that the amount of punitive damages assessed was out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct.
In Arab Termite and Pest Control v. Jenkins, we addressed the issue of whether the trial court had the authority to consider the degree of a defendant's misconduct in relation to the amount of punitive damages found by the jury. The trial court in Jenkins had ordered a remittitur of the punitive damages award or a new trial on the basis, among others, that the conduct shown by the evidence was not wanton or malicious enough to justify the amount of punitive damages awarded. Quashing the decision of the district court which had reversed the trial court's order, we held that it is proper for the trial court to issue an order for new trial or remittitur when the manifest weight of the evidence shows that the amount of punitive damages assessed is out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct. We further held that this finding must be affirmatively supported by the record or the judge must find that the jury was influenced by matters outside the record. We reiterated in St. Regis Paper Co. v. Watson, 428 So.2d 243, 248 (Fla. 1983), that punitive damages must be proportionate to the magnitude of the wrong committed because a defendant does have a right to be free from unreasonable punishment inflicted by an excessive punitive damages award.
The appropriate standard of review of a trial court's order granting, alternatively, remittitur or a new trial where the trial court has given its express reasons for its order in accordance with Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978),[*] and Jenkins is whether there has been a clear showing of abuse of discretion on the part of the trial court. In Baptist Memorial Hospital, Inc. v. Bell, we said:
In reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). As we stated in Cloud [v. Fallis, 110 So.2d 669 (Fla. 1959)], the ruling should not be disturbed in the absence of a clear showing that it has been abused, and there has been no such showing in the instant case. From this record the action of the trial judge was reasonable although reasonable men may differ.
384 So.2d at 146. See also Castlewood International Corp. v. LaFleur.
In the present case, the district court did not find a clear showing of an abuse of discretion by the trial court. It merely said that it was not convinced that the punitive damages assessed by the jury were unreasonable. Here, reasonable men could differ as to the propriety of the action taken by the trial court, and therefore we find no abuse of discretion.
We find no merit to the other points raised by Winn-Dixie.
Accordingly, we approve that portion of the district court's decision reversing the directed verdict on punitive damages. We disapprove the district court's decision insofar as it reverses the order on motion for remittitur and the alternative order granting new trial. This cause is remanded, and the Fourth District is directed to reinstate *726 the order on motion for remittitur and alternative order granting new trial.
It is so ordered.
BOYD, C.J., and ADKINS and EHRLICH, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion, in which OVERTON, J., concurs.
SHAW, J., concurs in part and dissents in part with an opinion.
McDONALD, Justice, concurring in part and dissenting in part.
I agree that it is proper for a trial judge to grant alternative orders or remittitur and new trial in the event he is wrong on directing a verdict. I also agree that if the conduct of the store manager supported the claim for punitive damages under the facts of this case, Winn Dixie would be subject to them. However, I agree with the trial judge that the facts of this case do not support an award of punitive damages. In the enactment of section 812.015, Florida Statutes, Florida has recognized that shoplifting is a serious problem in supermarkets. While that statute neither condones nor authorizes malicious prosecution, it does authorize some actions by shopkeepers previously unavailable to them. To sustain a claim for compensatory damages, one seeking to recover on a claim for malicious prosecution must prove, among other things, an absence of probable cause. One additional element is malice, but this factor may be inferred from the absence of probable cause.
In this case the trial judge felt that the evidence was in dispute on the issue of probable cause and hence submitted it to the jury who found for the plaintiff. But an award of punitive damages cannot be supported solely on the basis of lack of probable cause. Adams v. Whitfield, 290 So.2d 49 (Fla. 1974). In a malicious prosecution action, some jurisdictions require actual malice to sustain punitive damages. In Adams we said that this was not a prerequisite, but also indicated a requirement of wanton disregard of the rights of the accused. I realize that the trial judge so charged the jury, but the trial judge also found the evidence insufficient in this regard. I would support him.
In the alternative, the trial judge was eminently correct in reducing the amount of the award. The degree of the egregious nature of the conduct is a circumstance to consider in awarding punitive damages. Arab Termite & Pest Control, Inc. v. Jenkins, 409 So.2d 1039 (Fla. 1982). The district court failed to consider this.
OVERTON, J., concurs.
SHAW, Justice, concurring in part and dissenting in part.
I concur with the majority opinion insofar as it approves the decision under review reversing the directed verdict on punitive damages. I dissent, however, from the quashal of the portion of the decision reversing the order on motion for remittitur and the alternative order granting new trial. I would approve the district court on this point.
I disagree with the majority's finding that the district court used the wrong standard of review. Although it did not state explicitly that it had found an abuse of discretion, I think that the wording it used in reversing on this point suggests strongly that it had indeed found an abuse of discretion. This Court stated in Arab Termite and Pest Control v. Jenkins, 409 So.2d 1039, 1043 (Fla. 1982):
It is still proper, however (even post-Wackenhut), to issue an order for new trial or remittitur when the manifest amount of punitive damages assessed is out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct. Either this finding must be affirmatively supported by the record or the judge must find that the jury was influenced by matters outside the record. (Emphasis supplied.)
As stated in the well-reasoned opinion of the First District Court of Appeal in Dailey v. Hendricks, 213 So.2d 600, 602 (Fla. 1st *727 DCA), review denied, 219 So.2d 702 (Fla. 1968):
It is well settled that a trial judge's finding that "the verdict is contrary to the manifest weight of the evidence" must find a basis in the record to sustain the granting of a new trial. An observation by a trial judge that the verdict is contrary to the manifest weight of the evidence does not make such a finding an absolute fact; it must be found from a basis in the record. An appellate court does not review a trial judge's conscience  it reviews the record upon which a trial judge bases his conscience. If the record does not support the finding, it necessarily follows that an abuse of discretion is indicated on the part of the trial judge. McAllister Hotel, Inc. v. Porte, 123 So.2d 339 (Fla. 1960); Cobb v. Brew, 155 So.2d 814 (Fla.App. 1st, 1963); Mansell v. Eidge, 179 So.2d 624 (Fla. App.3d 1965); and Florida Power Corporation v. Smith, 202 So.2d 872 (Fla. App.2d 1967).
When a trial judge grants a motion for remittitur based on the evidence, his order should provide an explanation founded in the record. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978). The trial court's original order on the motion for remittitur stated that:
The court finds that the verdict as to punitive damages was grossly excessive, as shown by the record, and shocked the conscience of the court, that the verdict was contrary to the manifest weight of the evidence, that the jury was deceived as to the force and credibility of the evidence, and that the manifest weight of the evidence shows that the amount of punitive damages assessed was out of all reasonable proportion to the malice, outrage, or wantonness of the tortious conduct. (Citation omitted.)
Apparently finding this order conclusory, the district court relinquished jurisdiction to the trial court with instructions to cite specific record references justifying each of the grounds for remittitur.
The trial judge responded with his "Matters of Record on which The Alternative Remittitur is Based," consisting primarily of a chronological summary of the record with selected quotations and paraphrases. It appears that his bottom line was founded on a conclusion that the defendant's conduct against the plaintiff was not especially unreasonable and that the "plaintiff suffered no real physical damage of a lasting nature." After reviewing the trial court's response, the district court concluded that the trial judge had failed to demonstrate an evidentiary basis for his conclusion that the amount of punitive damages assessed was out of all reasonable proportion to the defendant's conduct according to the manifest weight of the evidence. The district court specifically stated:
The remaining question, then, is whether the remittitur is appropriate in light of the manifest weight of the evidence. We provided the trial court with an opportunity to demonstrate, by record reference, those factors which influenced his decision to order a remittitur. We commend his painstaking effort to comply with that request. Notwithstanding, we are not convinced that the amount of punitive damages assessed by the jury was unreasonable, keeping in mind that "[p]unitive damages `are peculiarly left to the discretion of the jury as the degree of punishment to be inflicted must always be dependent on the circumstances of each case, as well as upon the demonstrated degree of malice, wantonness, oppression, or outrage found by the jury from the evidence.'" Wackenhut Corp. v. Canty, 359 So.2d 430, 436 (Fla. 1978) (emphasis supplied) (quoting Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222 (1936)). We therefore reverse the order on motion for remittitur.
Robinson v. Winn-Dixie Stores, Inc., 447 So.2d 1003, 1005 (Fla. 4th DCA 1984) (emphasis supplied). It is apparent that the reviewing court found that the trial court abused its discretion in overturning a jury verdict that was, although on the high side, not out of the bounds of reasonableness, *728 i.e., not in derogation of the manifest weight of the evidence.
In my view the trial court in this case, as the one in Wackenhut, acted as a seventh juror with veto power. "The province of the jury ought not be invaded by a judge because he raises a judicial eyebrow at its verdict." 359 So.2d at 437.
In approving the reversal of the directed verdict, the majority of this Court agrees with a three-judge district court panel and, more importantly, with the jury, that a punitive damage award was appropriate. Given the presupposition that the punitive damage award was proper, I agree with the district court that the trial court gave no valid reasons why the amount awarded is against the manifest weight of the evidence. Jury verdicts should not be overturned so readily. "[S]etting aside a jury verdict requires more than a finding that the verdict is contrary to the evidence. The verdict must be manifestly against the weight of the evidence, or demonstrably the product of influence from outside the record." Jenkins, 409 So.2d at 1042.
In my view the trial judge substituted his own view of the evidence for that of the jury. When called upon to justify his order on the motion for remittitur, the judge was unable to respond except in a conclusory manner, unacceptable to the district court. Given this scenario, I am unable to agree with the majority that a unanimous district court panel erred in reinstating the jury verdict. It is obvious to me that the decision under review is premised on an abuse of discretion by the trial judge. I am unperturbed by the district court's failure to use magic words, where as here the basis for the action is clear.
NOTES
[*] In Wackenhut Corp. v. Canty, we held:

Although an order for new trial need not incant language to the effect that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, the order must give reasons which will support one of these two conclusions so that it will be susceptible of appellate review. See Thompson v. Williams, 253 So.2d 897 (Fla. 3d DCA 1971). Orders granting motions for new trials should articulate reasons for so doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused.
359 So.2d at 435.