486 So.2d 1368 (1986)
MONTGOMERY WARD & COMPANY, INC., etc., et al., Appellants,
v.
Mary J. Hoey, Appellee.
No. 84-659.
District Court of Appeal of Florida, Fifth District.
April 10, 1986.
Sharon Lee Stedman, Thomas M. Burke, Lori J. Caldwell and Daniel DeCiccio of Rumberger, Kirk, Caldwell, Cabaniss & Burk, P.A., Orlando, for appellants.
*1369 George M. McClure, Paul L. Martz and Kenneth D. Hagler, of Martz & McClure, St. Augustine, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant motion for rehearing by the appellant, Montgomery Ward & Company, Inc., vacate our prior opinions dated July 25, 1985, and December 12, 1985, and substitute therefor the following opinion:
A security guard (appellant Wayne Irons) employed by a store (appellant Montgomery Ward) detained a customer (appellee Mary Hoey) and caused her to be arrested and prosecuted for shoplifting. The information filed against her was subsequently dismissed by the state. Hoey filed an action for slander, battery, malicious prosecution and negligence against Irons and Montgomery Ward. The jury found (1) there was no battery or slander; (2) that both Irons and Montgomery Ward were guilty of malicious prosecution (awarding compensatory damages of $100,000); (3) that Montgomery Ward was guilty of comparative negligence of 90 percent (awarding additional compensatory damages of $90,000); (4) that Iron's conduct did not warrant punitive damages; (5) that Montgomery Ward's conduct, consisting of "some fault," did warrant punitive damages; and (6) the amount of punitive damages to be imposed was $300,000. Montgomery Ward appeals.
The action for negligence against Montgomery Ward was based on allegations that it was negligent in hiring, training, instructing and supervising Irons. This negligence allegedly caused, or contributed to, the wrongful actions by Irons, for which Montgomery Ward is vicariously liable for compensatory damages on the basis of respondeat superior. Nevertheless, Hoey's various compensable damages all flow from one tort: malicious prosecution. Hoey did not suffer any separate legal injury from Montgomery Ward's negligent hiring, training and supervision of Irons different in kind or degree from the legal injury she suffered from the malicious prosecution. All of her compensable damages resulted from one and the same tort, without regard to its various possible causes. The jury found those compensatory damages to be $100,000, hence the $90,000 award is duplicitous and must be reversed.
The punitive damage award raises vexatious problems because of the contradictions that attend it. It is clear that such an award cannot stand on the basis of Montgomery Ward's vicarious liability for the misconduct of its employee, Irons. This is so because the jury verdict specifically found that Irons was not subject to punitive damages  hence he was not guilty of willful and wanton misconduct. A principal cannot be held liable under respondeat superior where the agent is exonerated. Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla. 1985).
Faced with this problem on appeal, Hoey argues that the punitive damage award should be sustained on the basis of direct corporate liability, the theory in Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722 (Fla. 1985). This argument, however, must surmount several obstacles: the instant complaint did not allege direct, as opposed to vicarious, corporate liability for punitive damages based on reckless misconduct by a managing agent of the corporation; and the verdict form, agreed to by Hoey's counsel, had no provision for an assessment of punitive damages against Montgomery Ward based on reckless or willful misconduct by its managing agents (Irons was not one)  rather, the only verdict form providing for punitive damages was expressly predicated on the "some fault" concept established for vicarious liability by Mercury Motors Exp., Inc. v. Smith, 393 So.2d 545 (Fla. 1981).[1] Hence, *1370 the theory of direct corporate liability was neither pleaded nor contemplated by the jury verdict form.
There was a jury finding that Montgomery Ward was guilty of malicious prosecution. A finding of malicious prosecution may be based upon legal or actual malice, either of which may support an award of punitive damages. But punitive damages do not ensue automatically from a finding of malicious prosecution; they may be awarded by the jury if it determines the tortfeasor acted with sufficient wantonness or recklessness in regard to the rights of others as to warrant punishment in addition to the compensatory award. Adams v. Whitfield, 290 So.2d 49 (Fla. 1974); Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936). Here, the jury made no such express determination, nor was it afforded the opportunity to do so.
On the other hand, there was evidence adduced at trial[2] from which the jury could conclude that Irons was proceeding under the practices and policies adopted by Montgomery Ward with regard to arrest and prosecution of suspected shoplifters, and that the store manager, Walt Dee, and the security manager, Lee Hayes (the corporate representative at trial), had participated in the plaintiff's detention and subsequent prosecution. There was evidence that Dee refused to interview the store clerk who could have resolved the situation, and that Hayes authorized that Hoey be arrested and prosecuted. Montgomery Ward's security manual on shoplifting was in evidence for the jury's consideration, and it supports the inference that when a suspected shoplifter is apprehended by a security officer, arrest and prosecution should follow.[3]
The trial testimony of Hayes, the security manager, relating to a prior detention and prosecution, confirmed that company policy left Irons no discretion in the matter of prosecution following detention. That testimony was as follows:
Q. Did Mr. Irons have discretion to release [prior detainee] or not?
A. He did not have that discretion.
Q. Who told him he didn't have that discretion to release [prior detainee]?
A. I did.
Q. And, the manual says that too, doesn't it?
A. Yes.
Q. Once he stops somebody, he has no authority to release them, isn't that right?
A. That's correct.
Q. And, who does have that authority?
A. I do.
Q. Does anyone else at the store have that authority?

*1371 A. No.
Clearly, there was evidence before the jury from which they could differentiate the alleged malice of the employee, Wayne Irons, from the alleged malice of the corporation, either in the adoption of its security policies or through the actions of its agents, Dee and Hayes. Both Dee and Hayes were "managing agents" of Montgomery Ward within the principles adopted in Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla. 1985).
Apparently the defendants believed that Montgomery Ward's corporate liability was a matter for the jury's consideration, because at their own request the trial court gave the following jury instruction:
If you find for Mary J. Hoey and find also that either Wayne Irons or Montgomery Ward acted with malice, moral turpitude, wantonness or willfulness, or reckless indifference to the rights of others, you may, in your discretion assess punitive damages against such defendant as punishment and as a deterrent to others. If you find that punitive damages should be assessed against a defendant, you may consider the net worth of such defendant in fixing an amount of such damages. (Emphasis added.)
This is not the "some fault" instruction which, under Mercury Motors, would expose an employer vicariously to punitive damages for acts of employees, because only simple negligence of the employer is required if the employee has acted willfully and wantonly.[4] Instead, this was an instruction that the jury could assess punitive damages against Montgomery Ward for its own willful and wanton misconduct, if the jury found that Montgomery Ward was itself guilty of such conduct. Such a finding permits the imposition of punitive damages upon the employer, not for the employee's wanton action, but for the employer's. See Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722 (Fla. 1985); Bankers Multiple Line Ins. Co. v. Farish, supra; Kent Ins. Co. v. Schroeder, 469 So.2d 209 (Fla. 5th DCA 1985).
Unfortunately, the verdict form did not separate the legal issues on the damage questions as the trial court had separated them in the instructions. The inconsistencies between the instructions and the verdict form in regard to punitive damages are too confusing to resolve short of a new trial. The appellant says the only punitive damage verdict in this case expressly refers to the vicarious liability standard of "some fault"  and this is true. The appellee says that the jury was instructed that it could award punitive damages against Montgomery Ward alone if it acted with "malice, moral turpitude, wantonness or willfullness, or reckless indifference to the rights of others," and the jury attempted to award punitive damages against Montgomery Ward in the only space provided for such damages on the verdict form, thereby implying the requisite finding  and this is also true.
Accordingly, we affirm the award of $100,000 against Montgomery Ward and Irons based on the malicious prosecution cause of action; reverse the award of $90,000 in compensatory damages against Montgomery Ward based on the separate count of negligence; and we reverse the award of punitive damages against Montgomery Ward, and remand for a new trial on the latter issue.[5]
AFFIRMED in part; REVERSED in part.
COBB, C.J., and ORFINGER, J., concur.
COWART, J., dissents with opinion.
*1372 COWART, Judge, dissenting:
I adhere to, and hereby adopt by reference, the views expressed in the original majority opinion reported as Montgomery Ward & Company, Inc. v. Hoey, 10 FLW 1825 (Fla. 5th DCA July 25, 1985), and the dissenting opinion to the opinion on rehearing, Montgomery Ward & Company, Inc. v. Hoey, 10 FLW 2736 (Fla. 5th DCA December 12, 1985).
NOTES
[1] The verdict form, as it related to punitive damages, read:

If you assessed any damages against the Defendants, Wayne Irons and/or Montgomery Ward, please answer Question 10. If not, you should date and sign this form and return it to the Court.
10. Was the conduct of Wayne Irons of such a nature that punitive damages should be assessed against him?
YES ____ NO X 
Please answer Question 11.
11. Did the conduct of Montgomery Ward have some fault which foreseeably contributed to the Plaintiff's injury such that punitive damages should be awarded against it?
YES X NO ____
Please answer Question 12.
12. In light of the circumstances, the amount of punitive damages assessed against the Defendant is:

 Montgomery Ward $300,000
 --------
 Wayne Irons $ 0
 --------

SO SAY WE ALL.
[2] See Florida Rule of Civil Procedure 1.190(b), relating to the amendment of pleadings to conform to the evidence.
[3] The manual specifically states that after apprehension

The Branch Security and Safety Manager is responsible for proper legal disposition of all shoplifters, juvenile and adult. Release without benefit of legal process will be the exception rather than the rule and each instance must be thoroughly documented and promptly reported to the Regional Security and Safety Manager. Foremost in any decision that involves release of individuals apprehended for shoplifting will be the best interests of the company when deviation from prosecution policy occurs. All instances involving release of individuals present potential litigation exposure and the utmost discretion must be exercised when disposing of cases by this means.
[4] After giving the quoted instruction, the court instructed the jury that punitive damages could be assessed against one defendant and not the other, or against both in different amounts, and that before an employer could be held vicariously liable for punitive damages, there must be "some fault" on the part of the employer which foreseeably contributed to the plaintiff's injury. This instruction is based on the vicarious liability principle expressed in Mercury Motors.
[5] At the new trial on punitive damages the jury should be apprised of the compensatory damage award of $100,000.