SCHEB, Acting Chief Judge.
Keller Industries, Inc. appeals a final judgment awarding B. K. Waters $50,000 compensatory damages and B. K. Waters and his wife Nancy $100,000 punitive damages for personal injuries Mr. Waters sustained in a ladder accident.
On November 1, 1982, B. K. Waters injured his left elbow when he fell from an aluminum step ladder, model 706, manufactured by Keller. The Waters sued Keller based on three theories: negligence, strict liability, and implied warranty. At the jury trial in November 1985, the evidence showed that the ladder collapsed while Waters was climbing it in order to work on a gutter on his house.
Of Keller’s four points on appeal, only one has merit. Keller contends that the trial court erred in allowing the jury to consider and award punitive damages. Keller maintains that there was insufficient evidence to show that it was guilty of the negligence necessary to justify the imposition of punitive damages. Waters responds that there was ample evidence to show that Keller was guilty of reckless indifference in manufacturing the ladder. We agree with Keller.
In Carraway v. Revel, 116 So.2d 16 (Fla.1959), the supreme court held that the character of negligence necessary to sustain an award of punitive damages is the same as that required to sustain a convic *126 tion for manslaughter. In that case, the supreme court set forth the standard to be met to justify the imposition of punitive damages upon a defendant:
The character of negligence necessary to sustain an award of punitive damages must be of a “gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them”.
116 So.2d at 20 n. 12 (citations omitted). The supreme court recently reaffirmed this language as setting the standard for award of punitive damages in American Cyanamid Co. v. Roy, 498 So.2d 859 (Fla.1986). A showing of gross negligence, which lies between ordinary negligence and willful and wanton conduct, is not enough. Carraway, 116 So.2d at 20. The same standard applies to punitive damages arising out of product liability cases. Chrysler Corp. v. Wolmer, 499 So.2d 823 (Fla.1986).
The purpose of punitive damages is two-fold, to punish the defendant from extreme wrongdoing and to deter others from engaging in similar conduct. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981). “[Pjunitive damages are warranted only where the egregious wrongdoing of the defendant although perhaps not covered by criminal law, nevertheless constitutes a public wrong.” Chrysler Corp. v. Wolmer, citing Arab Termite & Pest Control, Inc. v. Jenkins, 409 So.2d 1039 (Fla.1982).
The question that must be resolved is whether the evidence before the trial court established that Keller exhibited a reckless disregard for human life equivalent to that required to prove manslaughter by designing and marketing ladder model 706.
The principal evidence relied on by the Waters on the issue of punitive damages consisted of a list of 31 lawsuits, including Waters’, brought against Keller for defective operation, defects in, or warranties regarding ladder model 706. Waters, however, introduced neither the exact nature nor the disposition of the lawsuits. In fact, Waters’ brief identifies only one case, Keller Industries, Inc. v. Reeves, 656 S.W.2d 221 (Tex.Ct.App.1983), in which a suit involving the Keller 706 ladder culminated in a judgment against the company. Clearly, the evidence presented was insufficient to support a conclusion that Keller acted with a wilful and wanton disregard for life equivalent to the standard required for proof of manslaughter.
Accordingly, we affirm the award of compensatory damages and reverse the punitive damages award.
RYDER and LEHAN, JJ., concur.