PER CURIAM.
We find no error in the points raised in the direct appeal and therefore affirm the judgment awarding compensatory damages for the malicious prosecution of a civil action by the appellants against the appellee. On the cross-appeal, however, we conclude that the trial judge erroneously refused to submit the issue of punitive damages to the jury. The record — as reflected by the jury verdict finding that the appellant had been guilty of either actual or legal malice in maintaining the lawsuit in question — fully supports such an award. See Montgomery Ward & Co. v. Hoey, 486 So.2d 1368 (Fla. 5th *981 DCA 1986), review denied, 494 So.2d 1151 (Fla.1986). The basis of the ruling below— that a showing of the defendant’s financial worth is a prerequisite to an award of punitive damages — is directly contrary to the applicable law, which is that such evidence is permissible, but not required. Bould v. Tou-chette, 349 So.2d 1181 (Fla.1977); Rinaldi v. Aaron, 314 So.2d 762 (Fla.1975). Accordingly, the cause is remanded for the sole purpose of determining the liability of the appellants for punitive damages.
Affirmed in part, reversed in part and remanded.