695 So.2d 906 (1997)
Paul WARTH and Glenda Warth, Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation; Dan Benefield and Oleene Benefield, Virginia Haight, Michael McAdams and Lynda McAdams, John Smyth and Mary Smyth, Appellees.
No. 96-01316.
District Court of Appeal of Florida, Second District.
June 25, 1997.
*907 Jawdet I. Rubaii and Jack F. White, III of Jawdet I. Rubaii, P.A., Clearwater, for Appellants.
Elizabeth K. Russo of Russo & Talisman, P.A., Miami, and Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellee State Farm.
THREADGILL, Chief Judge.
The Warths, plaintiffs in an action for declaratory judgment seeking a determination of insurance coverage, appeal a final judgment entered in favor of the defendant, State Farm Fire and Casualty Company, after a jury trial. We reverse because the verdict form submitted to the jury was confusing and misleading.
The Warths sought coverage under their homeowner's insurance policy after noticing cracks in the home they had owned for approximately thirty years. The Warths suspected that sinkhole activity was causing cracks in the walls and other problems with the home. State Farm denied coverage. The policy expressly stated that State Farm does not insure for losses which would not have occurred in the absence of earth movement, "meaning the sinking, rising, shifting, expanding or contracting of earth." It also stated that State Farm does not insure for any loss consisting of defect, weakness, inadequacy, fault or unsoundness in design, specifications, workmanship, construction, grading, compaction, or materials used in construction or repair. In addition, according to the policy, State Farm does not insure for any loss to the property which consists of, or is directly and immediately caused by, settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings.
Section 627.706, Florida Statutes (1995), requires that every insurer in the state shall make available coverage for insurable sinkhole losses. "Sinkhole loss" is defined as "actual physical damage to the property covered arising out of or caused by sudden settlement or collapse of the earth supporting such property only when such settlement or collapse results from subterranean voids created by the action of water on a limestone or similar rock formation." § 627.706(3), Fla. Stat. (1995). The trial *908 court bifurcated the issues of liability and damages. Thus, the only issue before the jury was whether the loss to the Warths' home was caused by an event excluded under the policy or whether it was caused by sinkhole activity. The burden was on State Farm to prove the loss arose from a cause excluded by the policy. See Hudson v. Prudential Property and Cas. Ins. Co., 450 So.2d 565 (Fla. 2d DCA 1984).
The interrogatory verdict form submitted to the jury in this case stated the following:
We, the Jury, find as follows:
A. Was the damage to the Warth home caused by one of the following policy exclusions of coverage: the sinking, rising, shifting, expanding or contracting of earth; a defect, weakness, inadequacy, fault or unsoundness in construction, grading, or compaction, or materials used in construction; the settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceiling?
Yes_____
No _____
If you checked yes, then go no further. If you checked no, then
B. Was the damage to the Warth home caused by sinkhole activity?
Yes_____
No _____
You must check yes on either A or B.
The Warths' attorney objected to the verdict form. He complained that according to the testimony at trial, some of the exclusions listed in paragraph A of the verdict form were also conditions that could have been caused by insurable sinkhole activity. The evidence presented by the Warths regarding the condition of their home focused primarily on cracks in the walls. The Warths argue that the verdict form required the jury to conclude that the cracks in the home were not a covered loss even if caused by a sinkhole.
We agree that the verdict form was confusing and misleading. It listed the cracking of walls as a policy exclusion without identifying the cause of such loss, which was developed as the issue at trial. The jury instruction regarding State Farm's burden of proof also contained the challenged language, which was taken from the policy exclusions. The instruction, however, included language that required State Farm, in order to avoid coverage, to prove that the loss to the Warths' home was caused by earth movement in the form of shrinking and expansion of clay soils alone or in combination with the conditions listed in the policy exclusions. Thus, the instruction clarified that for State Farm to prevail, it must prove that something other than sinkhole activity caused the loss. Unfortunately, the verdict form did not contain this clarification.
The content of a verdict form is within the trial court's discretion; however, "ordinarily the verdict form should parallel the court's instruction on the law and not give undue prominence to any single issue in the case." Botte v. Pomeroy, 497 So.2d 1275, 1280 (Fla. 4th DCA 1986). Here, the verdict form gave undue prominence to conditions which appeared in the policy exclusions even though some of those conditions could have been caused by insurable sinkhole activity. The inconsistencies between the instruction and verdict form are confusing and misleading and mandate a new trial. See Montgomery Ward & Co., Inc. v. Hoey, 486 So.2d 1368 (Fla. 5th DCA 1986).
Reversed and remanded for new trial.
PATTERSON and FULMER, JJ., concur.