IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARK G. THOMPSON,

     Appellant/Cross Appellee,

 v.                                     Case No.  5D15-2152

ALVARO E. AVILA,

     Appellee/Cross Appellant.

_____/

Decision filed March 31, 2017

Appeal from the Circuit Court
for Orange County,
Janet C. Thorpe, Judge.

Caryn L. Bellus, and Barbara E. Fox, of
Kubicki Draper, P.A., Miami, for
Appellant/Cross Appellee.

Ramsey Smathers of the Law Offices of
Ramsey Smathers, P.A., Winter Park, Shea
T. Moxon, of Brannock & Humphries,
Tampa, and Michael V. Barszcz, of Law
Offices of Michael V. Barszcz, M.D., J.D.,
Winter Park, for Appellee/Cross Appellant.

PER CURIAM.

     AFFIRMED.

EVANDER and EDWARDS, JJ., concur.
JACOBUS, B.W., Senior Judge, dissents with opinion.

JACOBUS, B.W., Senior Judge, dissenting.

This case is before us on an appeal from a negligence case in which Appellee, Alvaro Avila, obtained a verdict for $1.9 million. The verdict included $1,330,385.90 for future pain and suffering. The trial court issued a remittitur of the future pain and suffering damages by reducing the amount to $250,000. The remittitur was not accepted by either party. Accordingly, the trial court granted a new trial on the issue of future pain and suffering damages. The majority affirms the ruling by the order for a new trial on non-economic damages. I would reverse and remand for reinstatement of the verdict. The jury heard all the testimony regarding Appellee, Mr. Avila, and determined that his damages were $1.9 million, including the amount they found for future pain and suffering. A jury has wide latitude on the determination of damages. *Rety v. Green*, 546 So. 2d 410 (Fla. 3d DCA 1989). Unless there is something that influences the jury outside the record, in my view, this verdict should stand. *See Arab Termite & Pest Control, Inc. v. Jenkins*, 409 So. 2d 1039 (Fla. 1982). The amount of damages in a civil case are well within the province of the jury. A verdict is not necessarily excessive because it is above the amount the court considered a jury should have allowed. *Bould v. Touchette*, 349 So. 2d 1181 (Fla. 1977). "The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate." *Id.* at 1184.

I would reverse the order granting a new trial and remand to the trial court to reinstate the jury verdict.